PEOPLE *v.* LOWREY.

1. LARCENY—CRIMINAL LAW—EVIDENCE—SUFFICIENCY — DIRECTED VERDICT.

In a prosecution for larceny from the person, where the complaining witness identified defendant as the one who took his pocketbook from his pocket, a motion for a directed verdict in favor of defendant, on the ground that there was no evidence connecting him with the transaction, was properly refused.

2. CRIMINAL LAW—TRIAL—ARGUMENT OF COUNSEL — FAILURE OF DEFENDANT TO TESTIFY—COMMENT.

In a prosecution for larceny from the person, the prosecuting attorney's statement, in argument to the jury, that the facts related by the complaining witness "stand ab-

solute, uncontradicted, and undisputed," *held*, not in viola-
tion of defendant's rights under 3 Comp. Laws 1915, §
12552, forbidding any reference or comment to be made
upon defendant's failure to testify.

Error to recorder's court of Detroit; Keidan (Harry
B.), J.   Submitted January 12, 1922.   (Docket No.
153.)   Decided February 8, 1922.

Martin Lowrey was convicted of larceny from the
person, and sentenced to imprisonment for not less
than 2½ nor more than 5 years in the State prison at
Jackson.   Affirmed.

*Ring & Kelly*, for appellant.

*Merlin Wiley*, Attorney General, *Paul W: Voorhies*,
Prosecuting Attorney, and *John V. Brennan*, Assist-
ant Prosecuting Attorney, for the people.

MOORE, J.   An information was filed charging the
defendant with having

"on the 23d day of March in A. D. 1921, at the said
city of Detroit forty-three dollars in lawful money of
the United States of America, and one pocketbook, all
of the total value of forty-three dollars and fifty cents
of the personal property, goods and chattels of Blogio
Trandoff from the person of the said Blogio Trandoff
then and there being found, did feloniously steal, take
and carry away; contrary to the form of the statute,"
etc.

The case was tried before a jury and defendant was
convicted.   The case is brought here by writ of error.

It is the claim of defendant that no case was made
against him because he was not connected by the evi-
dence with the transaction.   The people reply to that
contention by quoting some of the testimony as fol-
lows:

"I was on Michigan avenue to catch a street car

to go to my house, and a fellow came behind me and took my pocketbook.    My pocketbook was in my back pocket, in my hip pocket, the left one.    *    *    *

"*Q.* Would you know the man that took your money and pocketbook if you saw him?

"*A.* I catch him.

"*Q.* Where is he? .  Is the man in the courtroom now that took your pocketbook?

"*A.* I think this is the man.    *    *    *

"*Q.* Is the man in the courtroom that took your pocketbook?    You told me you saw somebody take your pocketbook?

"*A.* Yes, sir.

"*Q.* Who took it?

"*A.* There is the man (indicating defendant).

"*Q.* This man sitting over there?    (indicating defendant).

"*A.* Yes.    *    *    *    I saw that pocketbook after it disappeared from my pocket in the hand of that man. *    *    *

"*Q.* You felt somebody take it out?

"*A.* Yes.

"*Q.* Where did you see it next?

"*A.* A fellow came and take my pocketbook and run in the street.

"*Q.* Which man?

"*A.* I forget the name.

"*Q.* Which man did you see run?

"*A.* This man (indicating defendant).

"*Q.* Did you ever see this man have this pocketbook?

"*A.* Yes, in his hand."

The trial court was right in denying a motion for a directed verdict in favor of the defendant.    *People* v. *Lay,* 193 Mich. 17 (L. R. A. 1917B, 608).

In his argument the attorney for the people said in part:

"That is the case, gentlemen of the jury.    In a broken tongue the complaining witness tells you a straight frank, forward story, and I call your attention to this, gentlemen of the jury, that the facts that

217 Mich.—28.

he has related in this case stand absolute, uncontradicted and undisputed."

This is said to be in violation of section 12552, 3 Comp. Laws 1915, which reads:

"That a defendant in any criminal case or proceeding shall only at his own request be deemed a competent witness, and his neglect to testify shall not create any presumption against him, nor shall the court permit any reference or comment to be made to or upon such neglect."

Counsel cite *People* v. *Evans*, 72 Mich. 367; *People* v. *Payne*, 131 Mich. 474; *People* v. *Hammond*, 132 Mich. 422; *People* v. *Cahill*, 147 Mich. 201; *People* v. *Mitchell*, 164 Mich. 583; *People* v. *Peterson*, 166 Mich. 10; *People* v. *Lay*, 193 Mich. 17; *People* v. *Schultz*, 210 Mich. 297.

A reference to those cases will show each of them easily distinguishable from the instant case.

All of the alleged errors have been examined. We find no reversible error.

The judgment is affirmed.

Fellows, C. J., and Wiest, Stone, Clark, Bird, Sharpe, and Steere, JJ., concurred.