PEOPLE v. HENLEY.

1. CRIMINAL LAW—DEFENDANT'S MISCONDUCT AT TRIAL—PREJUDICE.
   Defendant who so conducted himself during prosecution on charges of assault with intent to commit rape and an attempt to procure an act of gross indecency between male and female persons as to make it necessary for the trial court to have defendant be forcefully clothed and shackled to a chair, may not complain if such conduct prejudiced the jury, since he cannot claim the benefit of error he himself occasioned (CLS 1961, §§ 750.85, 750.338).

2. SAME—ASSISTANCE OF COUNSEL—WAIVER.
   The Constitution of the United States, and the Constitution and statutes of this State do not oblige one charged with crime to have a lawyer, and, if the defendant knows what he is doing and chooses not to have an attorney, he may waive

REFERENCES FOR POINTS IN HEADNOTES

[1]  21 Am Jur 2d, Criminal Law § 240.
[2]  21 Am Jur 2d, Criminal Law §§ 310, 312, 316, 317.
[3]  21 Am Jur 2d, Criminal Law §§ 310, 321.
[4]  21 Am Jur 2d, Criminal Law §§ 309, 312, 316, 319, 321.

assistance of counsel (US Const, Am 6; Mich Const 1963, art 1, § 13; CL 1948, § 763.1; GCR 1963, 785).

3. SAME—DISCHARGE OF COUNSEL.

A defendant in a prosecution for crime has a right to discharge his attorney, whether the attorney be of his own choosing or an attorney appointed by the court to defend him, and proceed with the trial in person, hence, the trial court committed reversible error in refusing to permit defendant to discharge his attorney and proceed with the trial representing himself (US Const, Am 6; Mich Const 1963, art 1, § 13; CL 1948, § 763.1; GCR 1963, 785).

4. SAME—ASSIGNMENT OF COUNSEL—NEW TRIAL.

The obligation of the State to provide counsel for a defendant who is charged with felony has been satisfied by the appointment of 3 counsel who were discharged by defendant or allowed to withdraw for reasons attributed to him, hence, where new trial is ordered, no counsel need be assigned (GCR 1963, 785).

Appeal from Recorder's Court; O'Hara (John P.), J. Submitted Division 1 October 7, 1965, at Detroit. (Docket No. 110.) Decided December 20, 1965. Rehearing denied January 28, 1966. Leave to appeal granted by Supreme Court May 11, 1966. See 377 Mich 709.

G. T. Henley was convicted of assault with intent to rape and attempt to procure an act of gross indecency between male and female persons. Defendant appeals. Reversed and remanded for new trial.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Samuel D. Olsen,* Prosecuting Attorney, *Samuel J. Torina,* Chief Appellate Lawyer, and *Rheo C. Marchand,* Assistant Prosecuting Attorney, for the people.

*Jesse E. Williams,* for defendant.

J. H. GILLIS, J. The defendant G. T. Henley was arraigned on a warrant June 20, 1963 containing two counts: (1) assault with intent to commit rape

(CLS 1961, § 750.85 [Stat Ann 1962 Rev § 28.280]), and (2) attempt to procure an act of gross indecency between male and female persons (CLS 1961, § 750-.338b [Stat Ann 1954 Rev § 28.570(2)]). An attorney was assigned by the court to represent the defendant and an examination was conducted in recorder's court on July 11, 1963. The examining magistrate, Judge Elvin L. Davenport, ordered the prosecuting attorney to file a petition for a sanity hearing pursuant to CLS 1961, § 767.27 (Stat Ann 1963 Cum Supp § 28.967). Three physicians examined the defendant and reported to the court on August 7, 1963 that he was not psychotic, was free from mental defect, able to understand the charges pending against him, and able to assist counsel in his defense. On October 24, 1963, defendant advised the court that he desired to engage his own counsel, did not want assigned counsel and the court permitted assigned counsel to withdraw from the case. Several adjournments of the case were granted in order that defendant might retain counsel.

On December 9, 1963 the defendant, not having hired counsel, was offered another assigned counsel by the then presiding judge of the recorder's court, but the defendant refused to sign the required affidavit and petition for appointment of counsel. Three days later Judge John P. Scallen assigned an attorney to represent the defendant. On the following day trial commenced. A mistrial was declared in the early stages of that trial, and the assigned counsel was permitted to withdraw from the case after defendant requested that he be discharged. Judge Scallen then appointed a new sanity commission consisting of three additional physicians who reported on January 8, 1964, the same findings reported by the prior sanity commission. On December 24, 1963 another attorney was retained by

the defendant, and this attorney remained with the defendant throughout the balance of the proceedings in this cause. This trial attorney, having received only a small retainer initially, was appointed and compensated as an assigned counsel.

A new trial was commenced on May 27, 1964 and on June 4, 1964 the jury returned a verdict of guilty on both counts set forth in the information. The lengthy transcript covering this trial is replete with attempts by the defendant to dominate the court proceedings. The record clearly shows that the defendant continually interrupted the trial judge, insisted on instructing his counsel in so loud a tone that it could be heard by members of the jury in the court, interrupted the testimony of various witnesses, conducted oratorical speeches directed to the jury protesting his innocence, and insisted that he was being deprived of his constitutional rights. At other times he would direct remarks to the spectators sitting in the rear of the courtroom contending that his rights were being violated and requested someone in the audience to send news reporters or representatives of various organizations to see him. After one court recess, the defendant while in a jail cell adjacent to the courtroom removed all of his clothing and refused to come out for further proceedings.

It was thereafter necessary for the court to order the defendant forcefully clothed and brought into the courtroom where he was shackled to a chair. This action by the trial court seemed only to intensify the contemptuous attitude displayed by the defendant. The trial judge, who displayed the patience of Job,[1] did everything possible throughout the trial to control the defendant's actions except to order the defendant gagged. See *People* v. *La-*

---

[1] James 5: 11.

*Marr* (1965), 1 Mich App 389, and citations contained therein for authority of the court to shackle a defendant.

The conduct of the defendant may well have prejudiced the jury but this defendant cannot complain inasmuch as he cannot claim the benefit of error that he himself occasioned.

After the trial was well under way, the defendant advised the court that he had "fired" his attorney and was going to represent himself. The court advised the defendant to sit down and instructed the defense counsel to continue with the trial. On many occasions thereafter the defendant advised the court that he desired to represent himself and did not want his attorney speaking in his behalf.

The defendant alleges many grounds of reversible error, but only one merits consideration. Was it reversible error for the trial court to refuse to permit the defendant to discharge his attorney and proceed with the trial representing himself?

The Constitution of the United States[2] does not force a lawyer upon the defendant. He may waive his constitutional rights to assistance of counsel if he knows what he is doing and his choice is made with open eyes. See *Johnson* v. *Zerbst* (1937), 304 US 458 (58 S Ct 1019, 82 L ed 1461).

The Michigan Constitution of 1963, art 1, § 13, provides:

"A suitor in any court of this State has the right to prosecute or defend his suit, either in his own proper person or by an attorney."

The statute which covers this issue is CL 1948, § 763.1 (Stat Ann 1954 Rev § 28.854):

"On the trial of every indictment or other criminal accusation, the party accused shall be allowed to

---

[2] US Const, Am 6.

be heard by counsel and *may defend himself.*" (Emphasis supplied.)

The record in the instant case fails to disclose any basis which would warrant the defendant to discharge his counsel and, in fact, defense counsel did an admirable job under trying circumstances. However, under our Constitution, statutes, and case law, defendant had the right to discharge his attorney and proceed with the trial in his own proper person.

Three counsel having already been assigned and having been discharged by defendant or allowed to withdraw for reasons attributed to defendant, we think the State has satisfied its obligation under GCR 1963, 785; no counsel need be assigned on retrial of this cause.

Judgment reversed. Remanded to the recorder's court of the city of Detroit for a new trial.

LESINSKI, C. J., and FITZGERALD, J., concurred.