PEOPLE *v.* PERKINS.
OPINION OF THE COURT.

1. CRIMINAL LAW—APPEAL AND ERROR—INSTRUCTIONS.

Failure to instruct jury in prosecution for manslaughter, where defense was self-defense, concerning the law relative to defendant's claim that he first became involved in the fight by going to the aid of a friend, when such a charge was not requested in the trial court and where the court properly instructed the jury concerning the law of self-defense *held*, not to be error where the law pertinent to defendant's theory as presented in the trial court was properly dealt with by trial judge (CL 1948, § 750.321).

2. APPEAL AND ERROR—CRIMINAL LAW—INSTRUCTIONS—OBJECTION.

REFERENCES FOR POINTS IN HEADNOTES
[1-3] 5 Am Jur 2d, Appeal and Error § 623; 53 Am Jur, Trial § 511.

SEPARATE OPINION.
QUINN, P. J.

3. CRIMINAL LAW—INSTRUCTION—REQUEST.
    *Conviction of defendant for manslaughter where defendant as-
    serted self-defense and court properly instructed on that point
    was proper, and since defendant neither requested an instruc-
    tion concerning his theory of defense raised on appeal nor
    objected to the charge given he cannot assign error for failure
    to give the instruction (CL 1948, § 750.321; GCR 1963, 516.2).*

Appeal from Recorder's Court of Detroit, Sche-
manske (Frank G.), J. Submitted Division 1 Jan-
uary 9, 1968, at Detroit. (Docket No. 2,498.) De-
cided April 24, 1968.

William Perkins, Jr., was convicted of manslaugh-
ter. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, *Samuel J. Torina,* Chief Ap-
pellate Lawyer and *Luvenia D. Dockett,* Assistant
Prosecuting Attorney, for the people.

*Chester Kasiborski,* for defendant on appeal.

HOLBROOK, J. On June 17, 1966, defendant Wil-
liam Perkins, Jr., was convicted by a jury of the
crime of manslaughter* and on July 5, 1966, was
sentenced by the court to a prison term of 3 to 15
years.

Defendant has appealed and one question is raised
for review, *viz.: In a prosecution for manslaughter,
where the defense was self-defense and the court
properly instructed the jury concerning the law of
self-defense, was it error for the trial court to fail*

---

* CL 1948, § 750.321 (Stat Ann 1954 Rev § 28.553).

*to instruct the jury concerning the law relative to
defendant's claim that he first became involved in
the fight by going to the aid of a friend, even though
no such charge was requested?*

This Court is experiencing more and more instances of appeals in criminal cases, as in this case, where appellate counsel was not trial counsel. Usually trial counsel must make decisions as to strategy, theory of defense, and requests to charge. Now it is true that appellate counsel has the benefit of knowing where there has been a conviction that the strategy, theory, and requests to charge were not successful in the trial court. Therefore, as in this case, absent improper instructions or failure to charge on essential elements of the crime, a different theory of defense is raised on appeal. Without a request covering the point having been made in the trial court and with no charge on the point given consistent with the theory of defense advanced in the appellate court, error is alleged.

The court properly instructed on the law of self-defense. From a careful reading of the evidence, it appears to this Court that the law pertinent to defendant's theory of defense presented in the trial court was properly dealt with by the trial judge. There was no requested instruction by trial counsel concerning the theory and issue raised here on appeal. There were no objections to the instructions of the trial judge either before or after they were given. Although an instruction on the theory of defense raised on appeal may have concerned a pertinent point of the case, it was not legally a necessary point nor an essential ingredient of the crime. Absent a request it was not error to fail to give the instruction. *People* v. *Liggett* (1967), 378 Mich 706. GCR 1963, 516.2 controls. A full review of the trial record and the instructions given

convinces us that no reversible error was committed.
See *People* v. *Keys* (1968), 9 Mich App 482.

    Affirmed.

J. H. GILLIS, J., concurred with HOLBROOK, J.

QUINN, P. J. concurs for the reason that defendant has appealed and asserts as the only error the failure of the trial court to give a certain instruction. This instruction was not requested below nor was objection made to the charge as given. GCR 1963, 516.2 controls. A full review of the trial record and the instructions given convinces me that no reversible error was committed.