### PEOPLE *v.* COOLEY.

CRIMINAL LAW—CONSTITUTIONAL RIGHT—REPRESENTATION BY COUNSEL.

Failure of trial court to act on request of defendant, charged with sale of narcotics and possession of narcotics, that his court-appointed attorney be discharged, made in 2 letters to judge, was a denial of defendant's constitutionally guaranteed right to represent himself at trial, even though defendant went to trial represented by the attorney he had sought to discharge, and did not raise the issue of representation again until just before sentence (Const 1963, art 1, § 13; CLS 1961, §§ 335.152, 335.153).

---

REFERENCES FOR POINTS IN HEADNOTE
21 Am Jur 2d, Criminal Law §§ 309, 310, 321.

Appeal from Genesee, Parker (Donn D.), J. Submitted Division 2 January 10, 1968, at Lansing. (Docket No. 2,388.)   Decided June 3, 1968.

Ernest R. Cooley, also known as Skeeter, was convicted on a jury verdict of possession of narcotics and sale of narcotics. Defendant appeals. Reversed and remanded for a new trial.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Robert F. Leonard,* Prosecuting Attorney, and *Donald A. Kuebler* and *Paul G. Miller, Jr.,* Assistant Prosecuting Attorneys, for the people.

*William O. Kelly, Jr.,* for defendant on appeal.

CANHAM, J. Defendant appeals from his conviction and sentence on the charges of the sale of narcotics[1] and possession of narcotics[2] on October 25, 1965.

The record shows that before trial the defendant, in two letters addressed to the trial court, indicated dissatisfaction with his court-appointed attorney. In the last letter the defendant stated, "Thus I'm asking or should I say submitting a motion of dismissal of the following court-appointed attorney." The record shows that the trial court did not act on these letters and that defendant went to trial represented by the court-appointed attorney he sought to discharge.

The trial record indicates that the issue of representation was not raised again until just prior to sentence.

The Constitution of 1963 provides in art 1, § 13, as follows:

[1] CLS 1961, § 335.152 (Stat Ann 1957 Rev § 18.1122).
[2] CLS 1961, § 335.153 (Stat Ann 1957 Rev § 18.1123).

"A suitor in any court of this state has the right to prosecute or defend his suit, either in his own proper person or by an attorney."

The trial court, in failing to act on the request of the defendant, denied him his constitutionally guaranteed right to represent himself at trial. See *People* v. *Henley* (1965), 2 Mich App 54.

Reversed and remanded for a new trial.

LESINSKI, C. J., and McGREGOR, J., concurred.