PEOPLE *v.* JONES.

1. CRIMINAL LAW—RIGHT TO COUNSEL—RIGHT TO APPEAR IN PERSON.
   A defendant in a criminal case has the right to appear by counsel or in person.

2. SAME—RIGHT TO COUNSEL—SELECTION OF COURT-APPOINTED COUNSEL.
   An indigent defendant in a criminal case does not have the right to select the attorney who is to be assigned to represent him.

3. SAME—ASSIGNED COUNSEL—CHANGE OF COUNSEL.
   Failure of trial court to appoint new counsel for defendant charged with unarmed robbery before accepting his plea of guilty while assisted by appointed counsel *held,* not error, where the record does not show, as defendant claims in Court of Appeals, that defendant asked trial court to appoint new counsel because he could not "communicate" or get along with assigned counsel, nor does the record show that defendant objected in open court to proceeding with his assigned counsel, who was appointed after he discharged first assigned counsel, and there is no evidence that defendant sought to enforce his constitutional right to appear in person (CL 1948, § 750.530).

4. SAME—SENTENCE.
   Sentence of 10 to 15 years imprisonment for unarmed robbery is within the limit prescribed by statute for the imposing of indeterminate sentences (CL 1948, § 750.530).

5. SAME—SENTENCE—REVIEW BY APPELLATE COURT.
   A sentence set within the statutory limits by the trial court may not be altered by an appellate court.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law §§ 309, 310.
[2] 21 Am Jur 2d, Criminal Law §§ 318, 319.
[3] 21 Am Jur 2d, Criminal Law §§ 318, 319, 321.
[4] 21 Am Jur 2d, Criminal Law §§ 540, 592.
[5] 5 Am Jur 2d, Appeal and Error § 938; 21 Am Jur 2d, Criminal Law §§ 533, 572.

Appeal from Oakland, Roberts (Farrell E.), J. Submitted Division 2 June 4, 1968, at Lansing. (Docket No. 4,960.) Decided June 24, 1968.

Frank Jones was convicted on plea of guilty of unarmed robbery. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *S. Jerome Bronson,* Prosecuting Attorney, *Dennis Donohue,* Chief Appellate Counsel, and *Bruce T. Leitman,* Assistant Prosecuting Attorney, for the people.

*Richard A. Campbell,* for defendant on appeal.

PER CURIAM. Defendant pleaded guilty to a charge of unarmed robbery CL 1948, § 750.530 (Stat Ann 1954 Rev § 28.798), and was sentenced to 10 to 15 years in prison. He was represented by court-appointed counsel. Defendant by affidavit claims that, prior to the taking of the plea, he wrote the court and requested a change of attorneys because he could not communicate or get along with assigned counsel.

The record reveals that the defendant had other appointed counsel prior to the counsel of whom he now complains. Further, it was admitted by counsel on appeal that the first appointed trial counsel was removed for similar reasons, and the second trial counsel was appointed.

The record does not indicate any evidence of defendant's request to the trial court and, further, reveals no objection on the record in open court to proceeding with the last appointed trial counsel. There is no evidence that the defendant requested or sought to enforce his constitutional right to appear in person.

This Court on prior occasions has stated that defendants have a right to appear by counsel or in person. *People* v. *Henley* (1965), 2 Mich App 54. This court has also stated, and we so find, that the defendant does not have the right to select the attorney that is to be assigned to represent him. See *People* v. *LaMarr* (1965), 1 Mich App 389. Further, the matter was not properly preserved for appeal.

An examination of the record discloses no error in the taking of the plea of guilty.

Further, defendant contends that the minimum sentence imposed is excessive as a matter of law and should be reviewed on appeal.

We find the sentence imposed to be within the limit prescribed by statute for the imposing of indeterminate sentences. A sentence set within the statutory limits precludes an appellate court from altering it. *People* v. *Krum* (1965), 374 Mich 356; *People* v. *Pate* (1965), 2 Mich App 66; *People* v. *Doran* (1967), 6 Mich App 86.

Affirmed.

LESINSKI, C. J., and BURNS and FENLON, JJ., concurred.