PEOPLE *v.* FELTON ALEXANDER

PEOPLE *v.* WORTHY

OPINION OF THE COURT

1. CRIMINAL LAW—CONSTITUTIONAL LAW—PRIVILEGE AGAINST SELF-INCRIMINATION—FAILURE OF DEFENDANT TO TESTIFY—COMMENT BY PROSECUTION.

Statement by prosecutor, in his final argument, that testimony of prosecution witnesses stands uncontradicted from the witness stand *held,* not to be a violation of defendants' privilege against self-incrimination.

2. APPEAL AND ERROR—TRIAL.

The Court of Appeals generally does not consider issues raised on appeal that were not raised at the trial.

3. CRIMINAL LAW—DUE PROCESS—PRIVILEGE AGAINST SELF-INCRIMINATION—TRIAL—FAILURE OF DEFENDANT TO TESTIFY—COMMENT.

Reversible error is created by specifically referring to the failure of a defendant to take the stand.

4. CRIMINAL LAW—TRIAL—FAILURE OF DEFENDANTS TO TESTIFY—JURY INSTRUCTIONS—FAILURE TO OBJECT.

Failure to object at trial bars any consideration on appeal of an alleged omission of the trial court to give instructions that the jury was not to infer guilt from the failure of defendants to testify or from the reference of the prosecutor to that point.

---

REFERENCES FOR POINTS IN HEADNOTES

[1]  53 Am Jur. Trial § 472.
[2]  5 Am Jur 2d, Appeal and Error § 726.
[3]  53 Am Jur, Trial § 470.
[4]  21 Am Jur 2d, Criminal Law § 356.
[5]  21 Am Jur 2d, Criminal Law § 527.
[6, 7]  21 Am Jur 2d, Criminal Law § 310.
[8]  21 Am Jur 2d, Criminal Law §§ 316, 317.

5. Courts—Sentence.
 The power to impose sentence is discretionary with the trial court and is not affected by the statute which requires a probation officer to prepare a presentence report (CL 1948, §§ 769.1, 771.14).

6. Constitutional Law—Due Process—Criminal Law—Discharge of Counsel.
 The possibilities of prejudice to a defendant who could not discharge his appointed counsel at the outset of a trial are apparent and could clearly result in a denial of his right to a fair trial by due process of the law; therefore the trial court committed reversible error in refusing to permit defendant to discharge his attorney and proceed *in propria persona* after defendant clearly made his wishes known (Const 1963, art 1, § 13; CL 1948, § 763.1).

Dissenting Opinion
Cynar, J.

7. Criminal Law—Constitutional Law—Due Process—Assistance of Counsel—Discharge of Counsel.
 *Trial court did not commit reversible error by not permitting defendant to discharge his counsel and defend himself where the language and conduct of the defendant at his trial is not convincing that he wished to try his case in his proper person.*

8. Constitutional Law—Criminal Law—Right to Assistance of Counsel—Waiver—Trial Judge.
 *A trial judge is in the best position to determine whether a defendant waived his constitutional right to assistance of counsel, whether he knew what he was doing, and whether his choice was made with open eyes.*

Appeal from Recorder's Court of Detroit, Joseph A. Gillis, J. Submitted Division 1 December 11, 1968, at Detroit. (Docket Nos. 5,519, 5,600.) Decided May 28, 1969. Leave to appeal by defendant Worthy withdrawn by stipulation April 13, 1970.

Felton Alexander and Richard Lee Worthy were convicted of breaking and entering. Defendants appeal. Affirmed as to Alexander and reversed and remanded as to Worthy.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Samuel J. Torina,* Chief Appellate Lawyer, and *Patricia J. Pernick,* Assistant Prosecuting Attorney, for the people.

*Charles Burke,* for defendant Alexander on appeal.

*Jack J. Kraizman,* for defendant Worthy on appeal.

BEFORE: McGregor, P. J., and Fitzgerald and Cynar,* JJ.

Fitzgerald, J. Defendants were convicted by a jury in the Recorder's court of the city of Detroit of breaking and entering.[1] Defendants presented no evidence and appeal their convictions.

The prosecutor, in his final argument, stated that, "This testimony [by three witnesses for the prosecution] members of the jury, stands uncontradicted from this witness stand." No objections were made by defendants, but they both allege on appeal that this statement violated their privilege against self-incrimination. CLS 1961, § 600.2159 (Stat Ann 1962 Rev § 27A.2159). We generally do not hear issues on appeal that were unobjected to at the trial. *People* v. *Perkins* (1968), 11 Mich App 170; *Gonzalez* v. *Hoffman* (1968), 9 Mich App 522. In addition, language almost identical to this has been held not to be prejudicial as not referring to the accused personally. *People* v. *Lowrey* (1922), 217 Mich 431. It is reversible error to specifically refer to the failure of a defendant to take the stand. *People* v.

---

* Circuit Judge, sitting on the Court of Appeals by assignment.
[1] CL 1948, § 750.110, as amended by PA 1964, No 133 (Stat Ann 1965 Cum Supp § 28.305).

*Payne* (1902), 131 Mich 474. Such is not the case here.

Failure to object also shall bar any consideration of the alleged omission of the trial court to give instructions that the jury was not to infer guilt from the failure of defendants to testify or from the reference of the prosecutor to that point. Defendants also did not request jury instructions on that issue and cannot complain on appeal.

In sentencing Alexander, the court relied on a presentence report prepared two months previously for another judge. In sentencing Worthy, the court relied on a 1961 probation report. No objection was made by defendants to the fact that they were not up-to-date reports. We find no violation of CL 1948, § 771.14 (Stat Ann 1954 Rev § 28.1144). The power to impose sentence is discretionary with the court (CL 1948, § 769.1 [Stat Ann 1954 Rev § 28-.1072]) and is not mandatorily affected by this statute which only requires the probation officer to prepare a presentence report. It need not be up-to-date and, in addition, the defendants were given ample opportunities to object.

An additional issue is presented in the appeal of defendant Worthy. His court-appointed counsel did not request a preliminary examination. At the outset of the trial, defendant Worthy asked for the examination, stating that he had never waived it. The court refused his request. The following colloquy took place:

*"Mr. Worthy:* I haven't had the rights of trial, as far as my rights and things. You are forcing me into trial. I still don't know what you are doing to me.

*"The Court:* Well, we will have the trial.   *   *   *

*"Mr. Worthy:* I'm not prepared for trial.   *   *   *

*"The Court:* Just sit down. We will bring in the jury panel—

"*Mr. Worthy:* Can I pick my jury?

"*The Court:* You sure can.  You got a lawyer.
You are going to work through your lawyer,  *  *  *

"*Mr. Worthy:* I don't have an attorney either.
I'm not going to work with him.  *  *  *

"*The Court:* Draw a jury."

The trial proceeded with counsel representing the
defendant.  He now alleges that he wished to dis-
charge his attorney and proceed *in propria persona,*
and that the trial court erred in not permitting him
to do so.  This Court held in *People* v. *Henley*
(1965), 2 Mich App 54, that an accused may dis-
charge his attorney and defend himself.  CL 1948,
§ 763.1 (Stat Ann 1954 Rev § 28.854).  The quality
of counsel proffered is not relevant here.  Current
concern with the guarantees of counsel to defend-
ants as exemplified by *Gideon* v. *Wainwright* (1963),
372 US 335 (83 S Ct 792, 9 L Ed 2d 799, 93 ALR2d
733), does not oblige one charged with a crime to
have a lawyer.  Under the particular facts of this
case, we find that defendant Worthy should have
been permitted to discharge his attorney and pro-
ceed alone, having clearly indicated his desires and
displeasures.  It is not necessary that a defendant
untrained in legal matters precisely use words such
as "I don't want this man for my lawyer", and "I
want to be able to act as my own attorney" (*United
States* v. *Denno* [CA 2, 1965], 348 F2d 12).  If it
can be reasonably inferred that he has manifested
this desire, then the court should ask him whether
or not he intends to, or not to, discharge his attor-
ney, and who will now conduct the defense.  *Denno,
supra.*  This is not a case where a defendant refused
to accept appointed counsel and states on appeal
that he wanted other counsel where ample notice
and opportunity was had for him to obtain that

other counsel. *United States* v. *Jones* (CA 7, 1966), 369 F2d 217.

The trial had not yet begun and no prejudice would result to the people, nor disruption to the trial occur, if the defendant was permitted to proceed *in propria persona* at this time. *Denno, supra.* The possibilities of prejudice to a defendant who could not discharge his appointed counsel at the outset of the trial are apparent and could clearly result in a denial of his right to a fair trial by due process of the law. Const 1963, art 1, § 13.

Affirmed as to defendant Alexander. Reversed and remanded for a new trial as to defendant Worthy in which defendant may represent himself *in propria persona.*

McGREGOR, P. J., concurred with FITZGERALD, J.

CYNAR, J. (*dissenting as to defendant Worthy*). The language quoted in the majority opinion herein between the trial court and Mr. Worthy is not unqualifiedly indicative that Mr. Worthy did discharge his lawyer and defend himself or wished to do so. The language and conduct of the defendant is not convincing that he wished to try his case in his proper person.

In *People* v. *Henley* (1965), 2 Mich App 54, this Court stated as follows:

"The Constitution of the United States does not force a lawyer upon the defendant. He may waive his constitutional rights to assistance of counsel if he knows what he is doing and his choice is made with open eyes. See *Johnson* v. *Zerbst* (1937), 304 US 458 (58 S Ct 1019, 82 L Ed 1461)."

The trial judge herein was in the best position to determine whether the defendant waived his constitutional rights to assistance of counsel, whether

the defendant knew what he was doing, and whether the defendant's choice was made with open eyes.

The majority opinion further observes: "The quality of counsel proffered is not relevant here." This being so, all the more reason why there was no prejudicial error and the judgment of the lower court should be affirmed.

Both convictions should be affirmed.