PEOPLE *v.* GRENIER

1. CRIMINAL LAW—IN-COURT IDENTIFICATION—PRE-TRIAL IDENTIFICA-
TION.
    Complainant's in-court identification was properly admitted even
    though he allegedly had been shown a picture of the defend-
    ant and saw defendant prior to identifying him at a lineup
    where the complainant had ample time to identify the defend-
    ant at the time of the commission of the crime, defendant did
    not object to the use of identification evidence, and no clear
    injustice resulted.

2. CRIMINAL LAW—RIGHT TO COUNSEL—INDIGENTS—SELECTION OF
COUNSEL.
    An indigent defendant does not have the right to select the
    attorney assigned to represent him.

3. CRIMINAL LAW—EFFECTIVE COUNSEL—SUA SPONTE HEARING.
    A court is not required to order, *sua sponte,* a hearing into the
    effectiveness of counsel.

4. CRIMINAL LAW—INDIGENTS—RIGHT TO COUNSEL—CHANGING AT-
TORNEYS.
    Refusing to appoint a different attorney for an indigent was not
    error where the indigent gave no concrete reason for wanting
    a new attorney.

Appeal from Bay, Leon R. Dardas, J. Submitted
Division 3 May 5, 1971, at Lansing. (Docket No.
9578.) Decided May 25, 1971. Leave to appeal
denied, 386 Mich 771.

Peter L. Grenier was convicted of armed robbery
and kidnapping. Defendant appeals. Affirmed.

REFERENCES FOR POINTS IN HEADNOTES
[1] 29 Am Jur 2d, Evidence § 371 *et seq.*
[2–4] 21 Am Jur 2d, Criminal Law § 318 *et seq.*

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Eugene C. Penzien,* Prosecuting Attorney, for the people.

*James G. Orford,* for defendant on appeal.

Before: McGREGOR, P. J., and BRONSON and O'HARA,* JJ.

PER CURIAM. On May 20, 1970, a jury found the defendant guilty of armed robbery[1] and kidnapping.[2]

Evidence was introduced at trial indicating that the defendant and a youthful accomplice robbed a service station at gunpoint on the morning of October 18, 1969. Defendant forced the station attendant into his car, taking him on a 25 minute ride during which his wallet was taken and he was required to remove his clothes. Later, when the car stopped on a dirt road, the defendant forced the attendant out of the car, beat him over the head, and left him unclothed in a farm field.

Defendant's first contention is that the trial court erred in admitting evidence of the lineup identification and permitting the in-court identification of the defendant by the complaining witness. He claims that the fact that the witness viewed a photograph of the defendant and briefly saw the defendant in person the night before he made the lineup identification taints all subsequent identification evidence. The complaining witness had sufficient opportunity to identify the defendant at the time of the commission of the crime. Defendant, at no time prior to or

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

[1] MCLA § 750.529 (Stat Ann 1971 Cum Supp § 28.797).

[2] MCLA § 750.349 (Stat Ann 1954 Rev § 28.581).

during the course of the trial, objected to the use of identification evidence. Where no objection was made below, these errors may not be raised for the first time on appeal, unless to avoid clear injustice. *People* v. *Reese* (1970), 28 Mich App 555; *People* v. *Schram* (1970), 23 Mich App 91; *People* v. *Childers* (1969), 20 Mich App 639.

Defendant contends that the court erred in denying his motion for a new court-appointed attorney. He offered no concrete reasons for seeking a new attorney. An indigent defendant does not have the right to select the attorney to be assigned to represent him. *People* v. *Jones* (1968), 11 Mich App 703; *People* v. *Kerridge* (1969), 20 Mich App 184. The trial court is not required to order, *sua sponte,* as defendant contends, a hearing into the effectiveness of counsel. *People* v. *Miller* (1970), 21 Mich App 113. No error was committed.

It is alleged that the court erred in refusing to grant defendant's request for a continuance. The decision whether or not to grant a continuance rests with the sound discretion of the trial court. *People* v. *Charles O. Williams* (1970), 26 Mich App 46. A review of the record reveals that there was no abuse of discretion and no reversible error.

Affirmed.

O'HARA, J., sat but did not participate in the decision of this case.