## PEOPLE v BRADLEY

1. CRIMINAL LAW—INSTRUCTIONS TO JURY—CONFESSION—APPEAL AND
   ERROR—PRESERVING QUESTION.

   A defendant may not claim upon appeal that an instruction to the jury that the trial judge had considered the defendant's confession and found it to be voluntary was erroneous where the defendant had failed to object to such an instruction.

2. APPEAL AND ERROR—INSTRUCTIONS TO JURY.

   The Court of Appeals will review a jury instruction as a whole, rather than portions of it, to ascertain whether it has resulted in prejudice to a defendant.

3. CRIMINAL LAW—INSTRUCTIONS TO JURY—PRESUMPTIONS—POSSES-
   SION OF STOLEN PROPERTY.

   An instruction to the jury that possession of stolen property raises a presumption that the possessor was the thief did not result in such manifest injustice as to require reversal where the defendant had admitted the theft, the court correctly instructed the jury on the presumption of innocence and the burden of proof, and the defendant did not object to the instruction when it was given.

4. CRIMINAL LAW—INSTRUCTIONS TO JURY—LESSER INCLUDED OF-
   FENSES.

   Failure to instruct the jury on lesser included offenses was not reversible error where the defendant did not request such an instruction nor object to the instruction as given and did not

REFERENCES FOR POINTS IN HEADNOTES

[1] 53 Am Jur, Trial § 824.

[2] 5 Am Jur 2d, Appeal and Error §§ 891–894.

[3] 53 Am Jur, Trial § 677.

[4] 21 Am Jur 2d, Criminal Law § 494.

[5] 21 Am Jur 2d, Criminal Law § 321.

Right of defendant in criminal case to discharge of, or substitution of other counsel for, attorney by court to represent him. 157 ALR 1225.

[6] 21 Am Jur 2d, Criminal Law §§ 245, 253, 254.

[7] 29 Am Jur 2d, Evidence §§ 555–557.

rely upon any theory of attempt, and where the trial court did not affirmatively limit the jury's consideration of lesser included offenses.

5. Criminal Law—Attorney and Client—Court-Appointed Counsel—Substitution of Counsel.

A defendant who failed to show the existence of a bona fide dispute between himself and his court-appointed counsel was properly denied a substitution of counsel; an indigent defendant is entitled to a substitution of appointed counsel only when discharge of the first attorney is for good cause and does not disrupt the judicial process.

6. Criminal Law—Constitutional Law—Speedy Trial—Demand for Speedy Trial—Extradition—Prejudice.

A defendant was not denied his constitutional right to a speedy trial, even though 13 months elapsed from the time of his arrest until his trial, where during that time he was in custody in two other states, Michigan had immediately begun extradition proceedings, and the defendant was actually in Michigan only 3-1/2 months prior to his trial, where the delay cannot be attributed to any deliberate attempt to hamper the defense nor was its cause the fault of the prosecutor, where sufficient showing of prejudice has not been made, and where no timely demand for a speedy trial was made to the trial court.

7. Criminal Law—Constitutional Law—Right to Remain Silent—Confession—Voluntariness of Confession.

A finding that a defendant's confession was voluntarily made and therefore admissible was not clearly erroneous where the testimony indicates that the defendant was informed of his rights and acknowledged that he understood them, that he did not at any time intend to exercise his right to remain silent, and that he never made an unconditional demand that all questioning cease.

Appeal from Van Buren, David Anderson, Jr., J. Submitted Division 3 March 5, 1974, at Grand Rapids. (Docket No. 16961.) Decided June 25, 1974.

William Bradley, Jr., was convicted of breaking and entering. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.*

*Derengoski,* Solicitor General, and *William C. Buhl,* Prosecuting Attorney, for the people.

*Steven L. Schwartz,* Assistant State Appellate Defender, for defendant.

Before: T. M. BURNS, P. J., and V. J. BRENNAN and BASHARA, JJ.

T. M. BURNS, P. J. Defendant William Bradley, Jr., was tried before a jury for the offense of breaking and entering. MCLA 750.110; MSA 28.305. He was convicted on January 17, 1973, and was sentenced on February 5, 1973, to a term of from 10 to 15 years in prison with 132 days credit for time spent in the county jail prior to the disposition of his case. Defendant now appeals his conviction as of right.

1. *After conducting a hearing in accordance with* People v Walker, *374 Mich 331; 132 NW2d 87 (1965) (On Rehearing), and determining that a confession was voluntarily made, was it prejudicial error for the trial court to instruct the jury that he had considered the confession and had determined that it was voluntary?*

In *People v Williams,* 46 Mich App 165; 207 NW2d 480 (1973), on which defendant relies, a similar challenge to similar instructions was made. The court in the *Williams* case held that although it would be better practice not to inform the jury that the court had found the confession voluntarily made, the defendant's failure to object precluded the assignment of error. Since defense counsel made no objection to the court's instructions in the present case, defendant is likewise precluded from assigning error. GCR 1963, 516.2; MCLA 769.26; MSA 28.1096; *People v Keiswetter,*

7 Mich App 334; 151 NW2d 829 (1967); *People v Williams, supra.*

2. *Was it reversible error for the trial court to instruct the jury that the presumption of innocence is not to be a shield for the guilty?*

Absent a showing of manifest injustice, this Court will not entertain allegations of erroneous jury instructions where no timely objection to those instructions was interposed before the jury retired to consider its verdict. GCR 1963, 516.2; *People v Peace,* 48 Mich App 79; 210 NW2d 116 (1973); *People v Spaulding,* 42 Mich App 492; 202 NW2d 450 (1972), *lv den* 388 Mich 809 (1972). Defendant made no objection in this case. Therefore, we must consider whether the trial court's instruction resulted in manifest injustice.

When reviewing an instruction to ascertain whether a defendant has been prejudiced, we will review the instruction as a whole rather than in small excerpts. *People v Peace, supra; People v Spaulding, supra.* The instructions by the trial court on the presumption of innocence and burden of proof as a whole correctly informed the jury of their duty under the law. Accordingly, we find that the instruction complained of did not unduly prejudice the defendant or result in manifest injustice.

3. *Was it reversible error for the trial court to instruct the jury that there is a presumption that a possessor of stolen goods is the person who committed the theft?*

Defendant contends that by charging the jury that possession of stolen property gives rise to a presumption that the possessor was the thief, the trial court improperly shifted the burden of proof onto defendant. We disagree.

The rule in Michigan to which defendant refers

was stated in *People v McDonald,* 13 Mich App
226, 236–237; 163 NW2d 796 (1968):

"[U]nexplained possession of property recently stolen,
unaccompanied by other facts or circumstances indicat-
ing guilt, will not sustain a conviction for *breaking and
entering,* even though it is some evidence that the
possessor is guilty of *theft.*"(Emphasis in original.)

And in *People v Helcher,* 14 Mich App 386, 388;
165 NW2d 669 (1968), we said:

"Possession of recently stolen property permits an
inference that the possessor committed the theft."

While we feel that "presumption" was not the
correct word for the trial court to use to describe
the relationship between possession of stolen prop-
erty and the conclusion that the possessor was the
thief, we do not feel that such incorrect usage
mandates reversal in the instant case.

Defendant's confession in this case was complete
and included an admission of the theft. Also, as
previously stated, the trial court's instructions on
the presumption of innocence and burden of proof
as a whole correctly informed the jury of their
duty under the law.

These two factors, coupled with the fact that the
defendant did not object to the instruction now
challenged on appeal, leads this Court to the con-
clusion that the instruction complained of did not
result in manifest injustice to the defendant. See
*People v Peace, supra; People v Spaulding,* supra.

4. *Was it reversible error for the trial court to
fail to instruct the jury concerning the possibility
of conviction of lesser included offenses?*

No request was made by defendant for instruc-
tions on lesser included offenses, nor did defendant
object to the instructions given by the trial court.

Furthermore, there is no indication that the defense relied upon any theory of attempt nor did the evidence support that theory. Moreover, the trial court did not affirmatively move to limit the jury's consideration of lesser included offenses. Under these circumstances, we find no error. See *People v Lemmons,* 384 Mich 1; 178 NW2d 496 (1970); *People v Membres,* 34 Mich App 224; 191 NW2d 66 (1971); and *People v Midgyett,* 49 Mich App 663; 212 NW2d 754 (1973).

5. *Did the trial court abuse its discretion in denying defendant's motion for a substitution of appointed counsel?*

Defendant requested a substitution of appointed counsel and now argues that it was reversible error for the trial court to deny such substitution, citing *People v Charles O Williams,* 386 Mich 565; 194 NW2d 337 (1972).

In *Williams,* our Supreme Court found an abuse of discretion since (1) the defendant was asserting a constitutional right—the right to counsel, (2) a bona fide dispute existed with his attorney as to whether to call alibi witnesses, (3) the defendant was not guilty of negligence, (4) the trial court was incorrect in stating that defendant had caused the trial to be adjourned several times.

In the present case, defendant was asserting the same constitutional right as that asserted in *Williams, supra.* A careful review of the record discloses no negligence on defendant's part nor any prior adjournments.

Therefore, the only question remaining is whether a bona fide dispute existed between defendant and his counsel. As evidence of such dispute, defendant claims that his counsel made a deal with the prosecution to his prejudice. Defendant did not submit any evidence to prove the

existence of such a deal, nor did he offer to show how this alleged deal prejudiced his defense.

An indigent defendant is entitled to counsel. He is not entitled to counsel of his choice nor is he entitled to different counsel whenever and for whatever reason dissatisfaction arises with counsel provided for him. *People v Henley,* 26 Mich App 15, 26; 182 NW2d 19 (1970); *People v Grenier,* 34 Mich App 93; 190 NW2d 742 (1971); *People v Williams,* 2 Cal 3d 894; 88 Cal Rptr 208; 471 P2d 1008 (1970); *People v Bentley,* 47 Mich App 150; 209 NW2d 333 (1973). A defendant is only entitled to a substitution of appointed counsel when discharge of the first attorney is for "good cause" and does not disrupt the judicial process. *People v Wilson,* 43 Mich App 459; 204 NW2d 269 (1972); *People v Holcomb,* 47 Mich App 573; 209 NW2d 701 (1973).

In this case defendant could have elected to proceed *in propria persona.* Since he made no such election and advanced no persuasive arguments to support his motion for change of counsel, the trial court did not err in requiring him to proceed with his appointed counsel.

Defendant also claims that his court-appointed counsel did not spend sufficient time conferring with him to adequately prepare his defense. Defendant asserts that his counsel only visited with him on the day of the *Walker*[1] hearing and once thereafter. To rebut this contention, defense counsel offered to submit to the trial court records of his visits to defendant in jail.

It is impossible to enunciate a strict standard as to what constitutes adequate preparation and for that reason it is left to the sound discretion of the trial court. Defendant has failed to show that this

---

[1] *People v Walker (On Rehearing),* 374 Mich 331; 132 NW2d 87 (1965).

alleged lack of preparation prejudiced his defense. Additionally, a review of the record fails to show any inadequacy by defense counsel due to a lack of preparation. For these reasons, we believe that the trial court's denial of defendant's motion for substituted counsel on this ground was proper and was not an abuse of discretion. See *People v Russell,* 47 Mich App 320; 209 NW2d 476 (1973).

6. *Was defendant denied a speedy trial?*

Four factors must be balanced in determining whether a criminal defendant was denied a speedy trial: length of delay, reason for delay, the defendant's demand for a speedy trial, and the amount of prejudice suffered by the defendant due to the delay. *People v Chism,* 390 Mich 104; 211 NW2d 193 (1973).

Defendant was arrested in Indiana on November 26, 1971, and tried in Michigan on January 17, 1973, some 13 months after his arrest. Since a six-month delay is presumptively prejudicial, we must examine the remaining factors. MCLA 767.38; MSA 28.978; MCLA 780.131; MSA 28.969(1); *People v Collins,* 388 Mich 680; 202 NW2d 769 (1972); *People v Chism, supra.*

After defendant was arrested in Indiana, he was held in that state on another charge of breaking and entering, convicted, and given a suspended sentence. Immediately thereafter, in March of 1972, he was sent from Indiana to Arizona as a parole violator. On April 5, 1972, Michigan requested that Arizona extradite defendant for trial. On September 21, 1972, defendant waived extradition and ultimately was returned to Michigan.

Defendant received a preliminary examination on October 5, 1972, a *Walker* hearing on November 17, 1972, and a jury trial on January 17, 1973. Therefore, it is clear from the record that while 13

months elapsed from the time of defendant's arrest until the time of the trial, defendant was in Michigan only 3-1/2 months before his trial.

The record indicates that the Michigan authorities did not delay in making known their desire to extradite defendant. The Michigan warrant served on defendant in Indiana in November, 1971, contained a note that he was to be extradited. When he was instead sent to Arizona as a parole violator, Michigan immediately began extradition proceedings.

We conclude, therefore, that the length of the delay, that is, only 3-1/2 months in Michigan, is not sufficiently prejudicial to warrant further inquiry into the speedy trial claim. However, even if this were not the case, defendant would still be unsuccessful in arguing that he was denied his right to a speedy trial. The delay cannot be attributed to any deliberate attempt to hamper the defense, nor as pointed out earlier, was the cause for the delay the fault of the prosecutor. Finally, defendant has not made a sufficient showing of prejudice resulting from the delay nor has he made a timely demand for speedy trial to the trial court other than his demand on the date of trial. These factors when taken together fail to establish that defendant has been denied his constitutional right to a speedy trial.

7. *Did the trial court err in finding defendant's confession voluntary and admissible?*

The standard of review to be used when a defendant challenges the outcome of a *Walker* hearing is whether the trial court's finding was clearly erroneous. *People v Hummel,* 19 Mich App 266; 172 NW2d 550 (1969); *People v Werner,* 26 Mich App 109; 182 NW2d 13 (1970); *People v Patterson,* 39 Mich App 467; 198 NW2d 175 (1972). Under the

clearly erroneous standard, a trial court can be reversed even though there was sufficient evidence to lead a reasonable man to the same result if the appellate court has the "definite and firm conviction that a appellate court has the "definite and firm conviction that a mistake has been committed". *People v Werner, supra; People v Summers,* 15 Mich App 346; 166 NW2d 672 (1968); *People v Pallister,* 14 Mich App 139; 165 NW2d 319 (1968); *People v Hummel, supra.*

Defendant claims that his confession was taken in violation of Miranda[2] in that he asked for the questioning to stop, and after such a request, he may not again be interrogated except at his own request. Were these allegations true, defendant might indeed have a meritorious claim. However, the record of the *Walker* hearing does not support defendant's claim.

At the *Walker* hearing, defendant testified that he did not request all questioning to cease. Instead, he told the officers questioning him that he would not talk to them any more until he had seen a Mr. Seymour, who had allegedly signed a statement implicating defendant. Thus, defendant never made an unconditional demand that all questioning cease. His only request was that he be allowed to talk to his alleged accomplice, Mr. Seymour, before he answered any more questions. After talking to Mr. Seymour and learning that he had given the police a confession, defendant voluntarily confessed. It is important to note that defendant testified at the *Walker* hearing that before he made his statement, he was again read his rights and also acknowledged that he understood the rights read to him.

---

[2] *Miranda v Arizona,* 384 US 436; 86 S Ct 1602; 16 L Ed 2d 694; 10 ALR3d 974 (1966).

After a careful and thorough review of the transcript of the entire *Walker* hearing, we are convinced that at no time did defendant intend to exercise his right to remain silent. Therefore, it is our opinion that the trial court was not clearly erroneous in holding that the confession was voluntary, and, therefore, admissible.

We have carefully considered defendant's remaining allegations of error and based upon our review of the record and briefs find no reversible error.

Affirmed.

All concurred.