PEOPLE *v.* REYNOLD

(PEOPLE *v.* FLEMING)

1. CRIMINAL LAW—TRIAL—WAIVER OF COUNSEL—SELF-REPRESENTATION.

No waiver of counsel occurred by virtue of defendant choosing to conduct cross-examination of witnesses himself where assigned counsel was present throughout the trial, spoke or argued on defendant's behalf, and conferred with defendant and offered his advice during cross-examination.

2. CRIMINAL LAW—WITNESSES—RES GESTAE WITNESSES—FAILURE TO CALL—CONTINUANCE—MISTRIAL—DISCRETION.

Denial of defendant's motion for continuance or mistrial because of prosecution's failure to call a *res gestae* witness was not error where the record shows that the witness was confined in a hospital after a severe heart attack and it appears that in all probability the witness's testimony would only have been cumulative.

3. TRIAL — CRIMINAL LAW — WITNESSES — RECALL — CROSS-EXAMINATION.

Refusal of trial judge to recall the complaining witness for further cross-examination conducted by defendant himself in trial for armed robbery was not error where the trial judge asked defendant to summarize the questions he intended to ask to avoid recall to ask questions already answered, and after a conference between defendant and his counsel, counsel announced that defendant had no additional requests.

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law § 317.
[2] 58 Am Jur, Witnesses § 3.
[3] 21 Am Jur 2d, Criminal Law § 344.
[4] 21 Am Jur 2d, Criminal Law § 236.
Pretrial publicity in criminal cases as affecting defendant's right to fair trial—federal cases. 10 L Ed 2d 1243.
[5] 21 Am Jur 2d, Criminal Law § 240.
[6] 5 Am Jur 2d, Appeal and Error § 545.

4. Criminal Law—Trial—Publicity—Prejudice—Discretion.

Denial of defendant's motion for mistrial because of television news coverage of his case was not an abuse of discretion where the trial judge conducted a *voir dire* examination of the jury after defendant's complaint to elicit any prejudice created in the minds of the jurors by the news accounts, and where it appears from the record that all parties were satisfied and no objections were entered after the *voir dire*.

5. Trial—Criminal Law—Behavior of Defendant—Warning.

Warning of trial judge to defendant, after defendant interrupted the testimony of witnesses to protect his innocence and complain that his rights were being violated, that unless his boisterous conduct ceased he would be strapped in a chair was justified, and if, as claimed by defendant but not substantiated by the record, he could not thereafter give adequate attention to his defense for fear of offending the trial judge, he could not claim the benefit of this error occasioned by his own conduct.

6. Appeal and Error—Preserving Question.

The Court of Appeals, as a general rule, will not consider objections not raised by defendant during trial, passed on by the trial court, and preserved in the record.

Appeal from Recorder's Court of Detroit, Frank G. Schemanske, J. Submitted Division 1 October 17, 1969, at Detroit. (Docket No. 6,092.) Decided December 3, 1969.

Walter Reynold, also known as Walter Reynold Fleming, was convicted of armed robbery. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Samuel J. Torina,* Chief Appellate Lawyer, and *Luvenia D. Dockett,* Assistant Prosecuting Attorney, for the people.

*Robert M. Hetchler,* for defendant on appeal.

Before: LESINSKI, C. J., and J. H. GILLIS and DANHOF, JJ.

J. H. GILLIS, J.   Defendant was tried before a jury and convicted of armed robbery (MCLA § 750.529 [Stat Ann 1969 Cum Supp § 28.797]).   On appeal, defendant alleges numerous errors.

Defendant's first assignment of error is that the trial court failed to ascertain whether defendant intelligently waived his right to counsel.   No waiver of counsel, however, is disclosed in the record.   Assigned counsel was with defendant throughout the trial, and on numerous occasions he spoke or argued on defendant's behalf.   That defendant himself chose to conduct the cross-examination of witnesses did not constitute a waiver of counsel.   Defendant's counsel was present during cross-examination.   He conferred with defendant and offered his advice.   Defendant's first assignment of error is without merit.

At the close of the prosecution's case, defendant moved for a mistrial or a continuance upon the ground that the prosecution had failed to call a *res gestae* witness.   The record reveals that this particular witness had suffered a severe heart attack and was at the time of trial confined in a hospital.   From the evidence presented, it does not appear that the unavailable testimony would in any way have aided defendant's case.   In all probability, the testimony would only have been cumulative.   Under the circumstances, the trial court's denial of defendant's motion was not error.   *People* v. *Kindra* (1894), 102 Mich 147; *People* v. *Bartlett* (1945), 312 Mich 648.

Defendant also alleges as error the refusal of the trial judge to recall the complaining witness for further cross-examination.   The court, in the ab-

sence of the jury, asked defendant to summarize the questions he intended to ask. The trial judge explained that he did not want the witness recalled only to be asked questions already answered. After a conference between defendant and his counsel, defendant's counsel announced: "Your Honor, I have been advised by Walter Reynold Fleming that there are no additional requests." We see nothing unreasonable in the trial court's ruling.

During the jury's absence, counsel for defendant complained about television news coverage and requested a mistrial. Following argument of counsel, the jury was returned and the trial judge conducted a *voir dire* examination for the purpose of eliciting any prejudice which the news accounts might have created in the minds of the jurors. Thereafter, it appears from the record that all parties were satisfied and no objections were entered.

Defendant's motion for a mistrial was addressed to the trial court's discretion. *In re Earle* (1946), 316 Mich 295; *People* v. *Schram* (1965), 1 Mich App 279, *affirmed* 378 Mich 145. The court examined the jurors and was satisfied from their answers that they could give defendant a fair and impartial trial. Nothing in the record reveals an abuse of discretion. We see no reversible error present on this issue. *Cf. People* v. *Dailey* (1967), 6 Mich App 99; *People* v. *Freeman* (1969), 16 Mich App 63.

During the trial, there were several outbursts from defendant. On occasions, defendant interrupted the testimony of various witnesses in order to protest his innocence and complain that his rights were being violated. The trial court informed defendant that unless his boisterous conduct ceased he would be strapped in a chair. Defendant claims that he could not thereafter give adequate attention

to his defense and was forced rather to concentrate on not offending the trial judge.

The trial court's warning was clearly justified. See *People* v. *LaMarr* (1965), 1 Mich App 389, and citations therein for authority of the court to shackle a defendant. Although this defendant cannot now claim the benefit of error he himself occasioned, see *People* v. *Henley* (1965), 2 Mich App 54, 58, *reversed on other grounds* 382 Mich 143, a review of the record fails to substantiate defendant's contention that he could not give adequate attention to his defense.

Defendant next urges that he was prejudiced by the prosecutor's reference to defendant as "Michigan Avenue Slim" at the *voir dire* examination. No objection, however, appears to have been made at that time and the issue is not properly before us. This Court will not consider, as a general rule, objections not raised by a defendant during trial, passed on by the trial court, and preserved on the record. *People* v. *Willis* (1965), 1 Mich App 428; *People* v. *Rimson* (1966), 3 Mich App 713; *People* v. *Owens* (1968), 13 Mich App 469. See also *People* v. *Kowalek* (1941), 296 Mich 714.

Defendant also claims that the amount of bail required was excessive. This issue is likewise not properly before us. At the time bail was set, defendant's counsel protested that the amount required was punitive. However, the court explained its reasoning in setting the amount; thereafter, defendant's counsel made no objection.

Affirmed.

All concurred.