## PEOPLE v FLINT MUNICIPAL JUDGE

1. CRIMINAL LAW—PRELIMINARY EXAMINATION—DUTY OF EXAMINING MAGISTRATE—EVIDENCE.

The examining magistrate has the right and duty to pass judgment not only on the weight and competency of the evidence but also the credibility of the witnesses in determining whether a crime has been committed.

2. CRIMINAL LAW—PRELIMINARY EXAMINATION—DETERMINATION OF EXAMINING MAGISTRATE.

The magistrate at the preliminary examination must determine that the offense charged has been committed and that there is probable cause to believe defendant is guilty (MCLA 766.13).

3. CRIMINAL LAW—PRELIMINARY EXAMINATION—"PROBABLE CAUSE".

The "probable cause" required to be shown at a preliminary examination refers only to the connection of the defendant with the alleged offense; the fact of the commission of the offense must be shown to be something more than a probability.

4. CRIMINAL LAW—PRELIMINARY EXAMINATION—FINDINGS OF EXAMINING MAGISTRATE—REVIEW.

A reviewing court may not agree with the findings of an examining magistrate as to the question of probable cause requisite to bind a defendant over for trial, but the court has no right to substitute its judgment for his except in case of a clear abuse of discretion.

5. CRIMINAL LAW—PRELIMINARY EXAMINATION—SCOPE OF REVIEW.

An appellate court does not weigh evidence from a preliminary examination to determine the facts, but rather examines it to

REFERENCES FOR POINTS IN HEADNOTES
[1–4] 21 Am Jur 2d, Criminal Law § 443.
[5] 21 Am Jur 2d, Criminal Law § 442.
Appealability of order pertaining to pretrial examination, discovery, interrogatories, production of books and papers, or the like, 37 ALR2d 586.
[6] 21 Am Jur 2d, Criminal Law § 450.

determine whether the magistrate abused his discretion in refusing to bind a defendant over for trial.

6. CRIMINAL LAW—CONSPIRACY—PRELIMINARY EXAMINATION—FINDINGS OF MAGISTRATE.

The examining magistrate did not abuse his discretion in refusing to bind defendant over for trial on a charge of conspiracy to commit murder, since the fact that the defendant was aware of some of the nefarious activities of the alleged coconspirators did not mandate a finding of probable cause that he joined in the conspiracy.

Appeal from Genesee, Elza H. Papp, J. Submitted Division 2 March 8, 1972, at Lansing. (Docket No. 10538.) Decided July 24, 1972.

Complaint by Robert F. Leonard, Prosecuting Attorney of Genesee County, for superintending control against Flint Municipal Judge Thomas C. Yeotis, to compel him to bind over a criminal defendant, Joseph P. Cusenza, for trial. Joseph P. Cusenza intervened as a party defendant. Order granted. Intervenor defendant appeals. Reversed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Robert F. Leonard,* Prosecuting Attorney, and *Paul G. Miller, Jr.,* Chief Assistant Prosecuting Attorney, for the people.

*Ivan E. Barris,* for intervenor defendant.

Before: LESINSKI, C. J., and BRONSON and TARGONSKI,* JJ.

LESINSKI, C. J. The intervenor defendant, Joseph Cusenza, was charged on November 6, 1967, with having conspired in Flint, Michigan from August 28 through November 6, 1967, with Loren Jolly,

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

Joseph Giacalone, Neil Breckenridge, Charles Kinsman, John Juarez, a/k/a Chino, and Caesar Montevecchio, a/k/a Chuck, to kill and murder Charles Thomas. MCLA 750.316; 750.505; MSA 28.548, 28.773.

After a lengthy preliminary examination before defendant Judge Thomas C. Yeotis, the prosecuting attorney asked that Joseph Giacalone, Caesar Montevecchio, Joseph Cusenza, and Loren Jolly be bound over to circuit court for trial. The people moved that the case against Neil Breckenridge, Charles Kinsman and John Juarez be dismissed but asked that Charles Kinsman be bound over as a coconspirator although not a codefendant. The motion to dismiss the charge against Neil Breckenridge and Charles Kinsman was based in part on their cooperation with the police and the prosecuting attorney.

On March 7, 1968, Judge Yeotis rendered his opinion in which he bound over for trial Jolly, Giacalone, and Montevecchio as codefendants and Kinsman as a coconspirator. The court held that Cusenza, Breckenridge, and Juarez would not be bound over because they could not be connected with the conspiracy.

The people unsuccessfully sought an original writ of superintending control in this Court directing Judge Yeotis to find probable cause as to Cusenza and to bind him over for trial in circuit court. It was held that the complaint should have been directed initially to the circuit court. *People v Flint Municipal Judge,* 383 Mich 429 (1970).

The people then started over again with their writ for superintending control in the Circuit Court for Genesee County. On August 10, 1970, Judge Papp held that Judge Yeotis had failed to perform his legal duty in not weighing all the

evidence presented, and thus clearly abused his discretion in not binding over Cusenza for trial. She remanded the case back to the magistrate with instructions that he perform his legal duty and bind over Cusenza for trial.

On September 14, 1970, a hearing on Cusenza's motion for rehearing was held. It was defense counsel's position that the recent case *People v Paille #2,* 383 Mich 621, 627 (1970), required a reversal of Judge Papp's decision of August 10, 1970. In that case the Court wrote:

> "In determining whether the crime of conspiracy had been committed, the magistrate had not only the right but, also, the duty to pass judgment not only on the weight and competency of the evidence, but also the credibility of the witnesses."

The motion for rehearing was denied, and Cusenza appealed to this Court which on December 18, 1970, dismissed the appeal for lack of jurisdiction, citing 1968 PA 116 and GCR 1963, 806.2(4).

On March 10, 1971, the Michigan Supreme Court granted leave to appeal and by order remanded to this Court as upon leave granted. 384 Mich 815.

The sole issue is did the circuit court err in holding that the examining magistrate had abused his discretion in finding no probable cause that the intervenor defendant was guilty of conspiracy to murder?

Under the statute, MCLA 766.13; MSA 28.931, the magistrate at the preliminary examination must determine that the offense charged has been committed and that there is probable cause to believe that the defendant is guilty. The matter of "probable cause" has reference to the connection of the defendant with the alleged offense rather

than to the *corpus delicti.* Something more than a finding of probable cause is required insofar as the commission of the crime charged is concerned. *People v Asta,* 337 Mich 590 (1953).

In the present case, Judge Yeotis determined that there was a conspiracy to murder Charles Thomas, but that there was not probable cause to believe that Joseph Cusenza was a coconspirator. Judge Papp disagreed.

The Michigan Supreme Court said in *People v Dellabonda,* 265 Mich 486, 490–491 (1933):

"1. To authorize the examining magistrate to bind appellant over for trial there must have been good reason to believe appellant guilty of the crime charged. Some cases hold a *prima facie* case against the accused must be made out. This court has not defined what constitutes probable cause, leaving each case to be determined upon its facts. Bouvier defines probable cause as, 'A reasonable ground of suspicion, supported by circumstances sufficiently strong in themselves to warrant a cautious man in the belief that a person accused is guilty of the offense with which he is charged.' 3 Bouvier's Law Dictionary (Rawle's 3d Rev.), p. 2728.

\* \* \*

"Primarily the question of probable cause is for the consideration of and determination by the examining magistrate. This court may not agree with the findings of such magistrate but it has no right to substitute its judgment for his except in case of a clear abuse of discretion."

A circuit court is no more at liberty than is this Court or the Supreme Court to substitute its judgment for that of the magistrate. We do not weigh the evidence to determine the facts, but we do examine it to determine whether it justifies the action of the circuit court in holding that the magistrate was guilty of an abuse of discretion.

*People v Karcher,* 322 Mich 158 (1948). The circuit judge's conclusion that the magistrate did not weigh all the evidence and that this was a clear abuse of discretion is not supported by the record.

Examination of the transcript shows a conspiracy to murder Charles Thomas, a paid police informer. The conspiracy apparently developed when Joseph Giacalone learned that Thomas was informing, and he made plans with Charles Kinsman to kill Thomas. Giacalone arranged to sell Thomas some counterfeit money at the Avalon Motel in Pittsburgh, Pennsylvania, and Giacalone and Kinsman then flew to Pennsylvania where they met Caesar Montevecchio and Loren Jolly. The four went to the Sheridan Hotel in Pittsburgh and the details of the conspiracy to kill Thomas were discussed. Kinsman who had been selected to do the shooting decided to withdraw from the conspiracy and to return to Michigan. Jolly was then substituted as the triggerman. Thomas survived the attempt on his life and identified Jolly as his would-be assassin.

Judge Yeotis in his opinion placed major reliance on the lack of motive for Cusenza to conspire to murder Thomas. The Judge also took special note of the fact that Charles Kinsman, an admitted coconspirator, testified that although he was deeply involved in the conspiracy he had no personal knowledge of Cusenza's being a part of it. The transcript does show that Joseph Cusenza's bar and restaurant called Nino's was a hangout of the alleged coconspirators, and that Cusenza was a trusted confidant of them. However, the fact that Cusenza appears to have been aware of some of the nefarious activities of the alleged coconspirators does not mandate a finding of probable cause that he conspired with them to do murder.

It was Judge Yeotis' right and duty to pass judgment on the credibility of the witnesses as well as the weight and competency of the evidence. Consideration of the testimony presented at the preliminary examination has not revealed a clear abuse of discretion. Therefore, his findings must stand. *People v Paille #2, supra.*

The order of superintending control issued by the circuit court shall be set aside and the order of dismissal by the magistrate shall be reinstated.

All concurred.