PEOPLE *ex rel* WAYNE PROSECUTOR v
RECORDER'S COURT JUDGE

1. CRIMINAL LAW—CONSTITUTIONAL LAW—SELF-INCRIMINATION—MI-
RANDA WARNINGS—REQUEST FOR COUNSEL—AMBIGUOUS INDICA-
TION—ADMISSIBILITY OF STATEMENTS.

A court properly found that an examining magistrate did not
abuse her discretion in holding a criminal defendant's state-
ment to a police officer not admissible at a preliminary exami-
nation hearing where the officer testified that the statement
was made subsequent to *Miranda* warnings, and was given
after the defendant indicated a desire for counsel by asking the
interrogating officer if he thought she should have an attorney;
an ambiguous indication of an interest in having counsel
requires cessation of police interrogation.

2. APPEAL AND ERROR—CRIMINAL LAW—MAGISTRATE'S DETERMINA-
TIONS—STANDARD OF REVIEW.

The Court of Appeals reviews a circuit court's denial of superin-
tending control over an examining magistrate who determined
that a defendant's statement was inadmissible as evidence at a
preliminary examination by the abuse of discretion standard;
the circuit court will be overturned only if the Court of Appeals
finds that the reviewing court abused its discretion in finding
that the examining magistrate did not abuse her discretion.

Appeal from Wayne, James N. Canham, J. Sub-
mitted October 11, 1977, at Detroit. (Docket No.
77-636.) Decided November 9, 1977. Leave to ap-
peal denied, 402 Mich 879.

Janice L. Alexander was charged in Recorder's
Court with second-degree murder. The examining
magistrate dismissed the charge. The people

REFERENCES FOR POINTS IN HEADNOTES

[1] 29 Am Jur 2d, Evidence § 614.
Necessity of informing suspect of rights under privilege against self-
incrimination, prior to police interrogation. 10 ALR3d 1054.
[2] 4 Am Jur 2d, Appeal and Error § 18.
5 Am Jur 2d, Appeal and Error § 774.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward R. Wilson,* Principal Attorney, Appeals, and *Timothy A. Baughman,* Assistant Prosecuting Attorney, for the people.

*Alphonso R. Harper,* for defendant on appeal.

Before: D. E. HOLBROOK, P. J., and N. J. KAUFMAN and J. R. McDONALD,* JJ.

N. J. KAUFMAN, J. Plaintiff appeals an order by Wayne County Circuit Judge James N. Canham denying plaintiff's motion for an order of superintending control directing defendant to reinstate a charge of second-degree murder against Janice Lee Alexander and bind her over for trial.

Ms. Alexander was charged with second-degree murder, MCLA 750.317; MSA 28.549, in connection with the slaying of William Robinson. On June 3, 1976, an examination began before defendant Judge Borman. Plaintiff attempted to introduce a statement given by Ms. Alexander to a police officer. The officer testified that Ms. Alexander had been given her *Miranda*[1] rights and that she then asked him "if I thought she should have an attorney and I told her I thought she should tell me what happened".[2] Upon submission of

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] *Miranda v Arizona,* 384 US 436; 86 S Ct 1602; 16 L Ed 2d 694; 10 ALR3d 974 (1966).

[2] We note that, although we do not examine the record *de novo,* it is clear to us that the officer expected Ms. Alexander to relate "what happened" in the absence of an attorney. This conclusion is especially valid when it is recognized that Ms. Alexander had not been schooled

briefs, defendant ruled the confession inadmissible and dismissed the case.

Plaintiff then sought an order of superintending control in Wayne County Circuit Court. Judge Canham noted that "[t]he Prosecutor's argument rests on the assumption that Defendant's question to the interrogating officer was merely a request for advice and not a request for counsel". Judge Canham concluded, "[t]he Judge's refusal to admit the statement, must, therefore, have been based on a determination that Defendant's question was an indication of a desire for counsel * * * . Further interrogation was therefore clearly in violation of *Miranda*".

His conclusion was bolstered by specific language from *Miranda* holding that an indication in any manner that counsel is requested halts further questioning until counsel is produced. Further, Judge Canham persuasively distinguished other United States Supreme Court cases limiting the holding of *Miranda* in other areas. Judge Canham also cited *People v Lewis,* 47 Mich App 450; 209 NW2d 450 (1973), wherein this Court held that an ambiguous indication of an interest in having counsel required cessation of interrogation.

Noting the limited scope of review inherent in a superintending court, Judge Canham found no abuse of discretion.

This Court's review of the circuit court's denial is also subject to an "abuse of discretion" standard, *People v Flint Municipal Judge,* 41 Mich App 766, 770–771; 201 NW2d 111 (1972). See also *People v Dellabonda,* 265 Mich 486; 251 NW 594 (1933). Thus, the ruling of the reviewing court in this case

---

in either the subtleties of police interrogation or the law surrounding *Miranda*-type situations.

can be overturned only if this Court finds that the reviewing court abused its discretion in finding that the examining magistrate did not abuse her discretion.

We find no abuse of discretion. Therefore, we affirm the circuit court. We note, in passing, that were we to examine the record *de novo,* we would find no error for the reasons so ably expressed by Judge Canham.

Affirmed.