PEOPLE v PLYLER

Docket No. 77-4489. Submitted May 2, 1978, at Marquette.—Decided
October 3, 1978.

Carole S. Plyler was charged with inciting to murder as a result
of a series of telephone conversations between her and an
informant. The first of these conversations was recorded with-
out benefit of a search warrant, although two subsequent
conversations, as well as two meetings, were recorded pursuant
to search warrants. During interrogation of the defendant she
indicated that she would not write or sign a statement until
she had talked to an attorney. Questioning continued for some
minutes after this assertion. The defendant moved for suppres-
sion of the information obtained during the interrogation and
of the telephone conversations and meetings. The Marquette
Circuit Court, John E. McDonald, J., granted the motions to
suppress, and the prosecution appeals by leave granted. *Held:*

1. The statements which defendant made to police during the
interrogation were properly suppressed. Once the defendant
indicated that she wished to consult an attorney, all question-
ing should have stopped, and because no record was made of
the interview it was impossible for the court to determine what
information was obtained prior to the request for counsel,
which would have been admissible, and what was obtained
after the request. Therefore, the results of the entire interview
were properly suppressed.

2. Suppression of all of the telephone recordings and films
was error. The first conversation, recorded without a warrant,
was not necessary to establish probable cause for issuance of
the search warrants because the testimony of the informant
was an alternate source upon which to base the warrants, even
if the first recording had not been made. The subsequently
obtained evidence therefore was not tainted as a result of the
primary illegality.

Affirmed in part, reversed in part, and remanded.

REFERENCES FOR POINTS IN HEADNOTES
[1] 5 Am Jur 2d, Appeal and Error § 778.
[2-4] 21 Am Jur 2d, Criminal Law § 314.
[5] 29 Am Jur 2d, Evidence §§ 380-386.

1. CRIMINAL LAW—APPEAL AND ERROR—STATEMENT OF DEFENDANT—
   VOLUNTARINESS OF STATEMENT.

   The Court of Appeals, in reviewing a trial court's determination
   of the voluntariness of a defendant's statements, must examine
   the entire record and make an independent determination,
   reversing only when convinced that the trial court's decision
   was clearly erroneous.

2. CRIMINAL LAW—QUESTIONING OF DEFENDANT—REQUEST FOR COUN-
   SEL.

   Police interrogation of a suspect must stop if the suspect indicates
   in any manner and at any stage in the process that he wishes
   to consult with an attorney.

3. CRIMINAL LAW—QUESTIONING OF DEFENDANT—REQUEST FOR COUN-
   SEL.

   The motivation behind a defendant's request, during interroga-
   tion, for consultation with an attorney is irrelevant; the request
   for counsel is, in itself, enough to require a termination of the
   interrogation.

4. CRIMINAL LAW—EVIDENCE—STATEMENT OF DEFENDANT—REQUEST
   FOR COUNSEL.

   A trial court's suppression of all of a defendant's statement made
   to police during an interview, both before and after the defend-
   ant requested an attorney, was not clearly erroneous where,
   because no recording was made of the conversation, it was
   impossible to separate that part of the interview conducted
   prior to the request for counsel from that conducted subsequent
   to that request.

5. CRIMINAL LAW—EVIDENCE—ADMISSIBILITY—SEARCH WARRANTS.

   The inadmissibility into evidence of a telephone conversation
   recorded without a search warrant does not affect the admissi-
   bility of other evidence obtained later pursuant to search
   warrants where an informant's testimony could have provided
   a basis for the warrants even if no recording of the first
   conversation had been made; no special advantage to the
   prosecution flowed from the illegal activity.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, and *Gary L.
Walker,* Prosecuting Attorney, for the people.

*Kendricks, Bordeau, Casselman & Adamini, P.C.*
(by *Ronald D. Keefe),* for defendant.

Before: V. J. Brennan, P.J., and R. B. Burns and M. J. Kelly, JJ.

M. J. Kelly, J. Plaintiff appeals from a Marquette County Circuit Court order granting defendant's motion to suppress certain statements made by the defendant during interrogation and other physical evidence. Plaintiff raises two issues on appeal. We affirm as to the first issue and reverse as to the second.

Defendant stands charged with inciting to murder, contrary to MCL 750.157b; MSA 28.354(2). This prosecution arises from the following facts:

On March 14, 1977, defendant allegedly telephoned one Kenneth Epps and asked whether he would be willing to cause a fatal accident to an unnamed person for $15,000. Epps told defendant he would have to think about it and later reported the call to the Marquette City Police. The next day, defendant again called Epps and told him to forget the matter and Epps agreed to do so; however, he reported the second call to the police. After the March 15, 1977, telephone conversation, the defendant never again called Epps or initiated any contact with him; all subsequent contacts between the parties were initiated by Epps at the urging of the police.

On March 28, 1977, Epps, at the direction and in the presence of the police, called the defendant. This conversation was tape recorded by the police without the defendant's knowledge and without having obtained a search warrant. During the next two days, the police obtained four separate search warrants to tape record two telephone conversations and a meeting between the defendant and Epps at a local restaurant and to record and film a

second meeting between them. Immediately after the second meeting, the defendant was arrested.

During oral interrogation of the defendant, the police requested that the defendant either write out a statement of what she had told them or sign a statement that had been prepared by them. Defendant replied that she did not want to write anything until she talked to an attorney. Oral interrogation, however, continued for 15 minutes to 1/2 hour thereafter. On September 21, 1977, the trial court granted the defendant's motion to suppress, ruling that it was unable to separate the information obtained by the police interrogators prior to the request for an attorney from that obtained subsequent to that request and therefore suppressed the entire interrogation. Further, the court ordered that the first recorded telephone conversation be suppressed because it was made without a warrant and also suppressed the other recordings and films obtained pursuant to warrants on the grounds that they had no separate source independent of the first illegal recording.

The first issue raised on appeal is whether all of the defendant's statements made in the course of the interrogation were rendered inadmissible by further questioning after she said that she did not want to reduce her statement to written form until she had seen an attorney.

Plaintiff argues that the police interrogation of defendant did not have to be terminated under *Miranda v Arizona,* 384 US 436; 86 S Ct 1602; 16 L Ed 2d 694; 10 ALR3d 974 (1966), merely because she indicated that she desired to speak to an attorney before reducing her oral statements to writing. Alternatively, the plaintiff asserts that, even if defendant's statement should have terminated the interrogation, her oral statements up to

the time of her request for an attorney should be admitted because they are severable from the statements made by her after the point at which questioning should have been terminated. We reject both of these contentions.

The decision of a trial judge following a hearing held under *People v Walker (On Rehearing)*, 374 Mich 331; 132 NW2d 87 (1965), is reversed only if this Court has a "definite and firm conviction that a mistake has been committed". *People v Bradley*, 54 Mich App 89, 98; 220 NW2d 305 (1974). The reviewing court, after examining the entire record, must make an independent determination and may reverse only when convinced that the trial court's decision was clearly erroneous. *People v Brannan*, 64 Mich App 374, 376; 236 NW2d 80 (1975), *lv gtd*, 395 Mich 812 (1975).

Plaintiff argues that the interruption of the interrogation by defendant did not require termination of the interview. Plaintiff relies on *United States v Frazier*, 155 US App DC 135; 476 F2d 891 (1973), and *People v Bradley, supra,* for this argument. However, this reliance is misplaced because in both cases the defendant failed to specifically state that he wished to consult with counsel. In *People v Brannan, supra,* we held that questioning of the accused should have ceased as soon as the accused indicated that "he'd have to check with a lawyer" before he could decide whether to submit to a Polygraph test. Characterizing the reference to an attorney as a "red flag", the Court of Appeals' majority said:

"This should have stopped the interrogation forthwith as *Miranda* requires that if a suspect indicates in any manner and at any stage of the process he wishes to consult with an attorney, there can be no questioning. *Miranda v Arizona*, 384 US 436, 477; 86 S Ct 1602;

16 L Ed 2d 694; 10 ALR3d 974 (1966), *People v Ansley,* 18 Mich App 659, 667; 171 NW2d 649 (1969)." 64 Mich App at 378–379.

Similarly, in *People ex rel Wayne Prosecutor v Recorder's* Court Judge, 79 Mich App 495; 261 NW2d 63 (1977), this Court held that an examining magistrate did not abuse her discretion in holding that a criminal defendant's statement to a police officer was not admissible where the statement was made subsequent to *Miranda* warnings, and was given after the defendant indicated a desire for counsel by asking the interrogating officer whether he thought she should have an attorney. An ambiguous indication of an interest in having counsel requires cessation of police interrogation. *People v Lewis,* 47 Mich App 450; 209 NW2d 450 (1973), *People v Sparks,* 82 Mich App 44; 266 NW2d 661 (1978). The crucial factor in the present case is that the defendant indicated a desire to consult with an attorney; the motivation behind this request is irrelevant. The request for counsel is, in itself, enough to require a termination of interrogation.

As to plaintiff's contention that the statements obtained in violation of defendant's rights are severable from those obtained previously, the record does not support this argument. The trial court specifically noted in its opinion that the substantive content of defendant's statements had not been introduced at the hearing. The police denied that there had been a tape recording made of the interrogation. Although police officers testified that there were no new areas of inquiry after defendant's request for counsel, the trial court found that it was practically impossible to separate the part of the interview conducted after questioning should have been terminated from the

rest of the interview. If there had been a tape recording of the interrogation, as was the case in *People v Van Epps,* 59 Mich App 277; 229 NW2d 414 (1975), then such a separation would be possible. In the absence of a recording, however, the determination of the trial court was not clearly erroneous.

The second issue raised in this appeal is whether a warrantless recording of a telephone conversation between an informant and a defendant prevents the use of evidence obtained under subsequent search warrants. On this question, we find that the trial court erred in suppressing the physical evidence and reverse.

The "fruits of the poisonous tree" doctrine is employed to discourage unlawful police practices by depriving the law enforcement officers of advantages flowing from the primary illegality. *People v Jones,* 66 Mich App 223, 230; 238 NW2d 813 (1975). Thus, if law enforcement agents have exploited a primary illegality, any evidence so acquired must be suppressed. In the present case, however, the defendant has failed to establish that the tape recordings and films were special advantages necessarily flowing from the first illegal telephone monitoring.

The record indicates that the first, warrantless, recording need not have been used to establish probable cause for the issuance of the subsequent search warrants. In *People v Beavers,* 393 Mich 554; 227 NW2d 511 (1975), the Court held that warrantless participant monitoring of a conversation between a confidential police informant and a defendant is inadmissible as a violation of the defendant's Fourth Amendment rights. *Id.* at 566. But, the Court stated that the admissibility of the informant's testimony is not affected thereby, it is

only the monitored account of the conversation which must be suppressed. *Id.* at 567. Here, the informant's testimony could have provided a basis for the subsequent search warrants even if no recording of the first telephone conversation had been made; there is, therefore, no special advantage flowing from the illegal activity which should be deprived the law enforcement agency.

In any event, the record shows that the conversation recorded in violation of *Beavers* did not constitute a substantial portion of the case against defendant. There had been two previous conversations before the police became involved in the investigation. The officer testifying at the probable cause hearing for the first search warrant had questioned the informant about the original conversation and had also listened to the informant's version of the first monitored conversation. This information, standing alone, would have been sufficient to establish probable cause. Thus, the trial court's order suppressing the evidence obtained pursuant to the search warrants must be reversed.

Affirmed in part; reversed in part. Remanded.