PEOPLE v O'DONNELL

Docket No. 62977. Submitted December 14, 1982, at Detroit.—Decided August 2, 1983. Leave to appeal denied, 418 Mich 940.

Daniel E. O'Donnell was convicted of placing explosives with intent to destroy causing injury to a person and assault with intent to murder, Detroit Recorder's Court, Michael F. Sapala, J. The defendant appealed, alleging numerous errors. *Held:*

1. The trial court did not err in admitting evidence of the defendant's statement to the police in which he admitted throwing a bomb through a window of the complainant's residence. The trial court did not err in finding that defendant was not under arrest at the time that he made the inculpatory statement. The defendant's statement was not the product of an illegal arrest. The defendant's contention that he was not advised in a meaningful way of his right to counsel and right against self-incrimination is without merit.

2. The provision for a mandatory life sentence without possibility of parole for persons convicted of placing explosives with intent to destroy causing injury to a person does not violate the prohibitions against cruel and/or unusual punishment. However, the Legislature's difference in treatment with respect to persons convicted pursuant to that statute as compared to persons convicted of placing explosives with intent to destroy causing death, which statute provides for punishment by imprisonment in the state prison for life or any term of years, constitutes a denial of equal protection. The disparate treat-

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur 2d, Appeal and Error §§ 717, 880.

[2] 5 Am Jur 2d, Arrest § 1.

[3] 21A Am Jur 2d, Criminal Law § 788 *et seq.*

[4] 21 Am Jur 2d, Criminal Law §§ 627, 630.
31 Am Jur 2d, Explosions and Explosives § 123.
Length of sentence as violation of constitutional provision prohibiting cruel and unusual punishment. 33 ALR3d 335.

[5, 6] 21 Am Jur 2d, Criminal Law § 594.

[7] 16 Am Jur 2d, Constitutional Law §§ 212-218.
73 Am Jur 2d, Statutes §§ 145, 146, 274-276.

[8] 75 Am Jur 2d, Trial § 603.

ment mandated by the Legislature for persons convicted pursu-
ant to those two statutory provisions lacks a rational basis. The
case should be remanded to the trial court for the resentencing
of the defendant. On remand, the trial court may sentence the
defendant to life in prison or to any term of years.

3. The trial court did not err in instructing the jury on the
law of intoxication and specific intent.

4. The trial judge's statement to the jury that the defendant's
theory of the case was submitted by the defendant did not deny
the defendant a fair trial although a trial judge should not
identify jury instructions as having been requested by one
counsel or the other.

Convictions affirmed but the sentence for conviction of plac-
ing explosives with intent to destroy causing injury to a person
was vacated and the case remanded for resentencing.

1. APPEAL — VOLUNTARINESS — CRIMINAL LAW.

An appellate court, when reviewing a trial court's ruling on the
voluntariness of a defendant's statement, will examine the
entire record and reach an independent determination of volun-
tariness; however, absent a definite and firm conviction that
the trial court erred, the decision will be affirmed.

2. ARREST — WORDS AND PHRASES.

An arrest is the taking, seizing, or detaining of the person of
another, either by touching or putting hands on him, or by any
act which indicates an intention to take him into custody and
subjects the person arrested to the actual control and will of
the person making the arrest; the act relied upon as constitut-
ing an arrest must have been performed with the intent to
effect an arrest and must have been so understood by the party
arrested.

3. CRIMINAL LAW — POLICE INTERROGATION — RIGHT TO COUNSEL.

Police interrogation of a suspect must stop if the suspect indicates
in any manner and at any stage in the process that he wishes
to consult with an attorney.

4. EXPLOSIONS AND EXPLOSIVES — CRIMINAL LAW — MANDATORY LIFE
    SENTENCES — CONSTITUTIONAL LAW.

The statute which provides a mandatory life sentence for placing
explosives with intent to destroy causing injury to a person
does not violate the constitutional guarantees against cruel
and/or unusual punishment (US Const, Am VIII; Const 1963,
art 1, § 16; MCL 750.207; MSA 28.404).

5. CONSTITUTIONAL LAW — SENTENCING — CRIMINAL LAW — EQUAL PROTECTION.

Differences in treatment of criminal offenders do not generally affect fundamental interests for purposes of equal protection analysis of a statute; however, a classification with respect to sentencing, as is the case with respect to any legislative classification, must bear some rational relationship to a legitimate state end.

6. CRIMINAL LAW — SENTENCING — EQUAL PROTECTION.

The range of sentencing provided for in two separate statutes each should bear some relationship to the potential for harm to society which such conduct causes where the conduct which constitutes a criminal offense under one statute is identical to that which constitutes a criminal offense under another statute.

7. CONSTITUTIONAL LAW — JUDICIAL CONSTRUCTION.

Legislative enactments are cloaked with a presumption of constitutionality and where a statutory provision would otherwise be unconstitutional, it is a court's duty to give the statute a narrow construction so as to render the statute constitutional if such a construction is possible without doing violence to the Legislature's intent in enacting the statute.

8. TRIAL — CRIMINAL LAW — JURY INSTRUCTIONS — REQUESTED INSTRUCTIONS.

Requested instructions adopted by a court in criminal or civil cases are the court's instructions, not requested instructions, and it is improper for a trial judge to state that they emanated from counsel.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Deputy Chief, Civil and Appeals, and *Jeffrey Caminsky,* Assistant Prosecuting Attorney, for the people.

*Carl Ziemba* for defendant.

Before: DANHOF, C.J., and J. H. GILLIS and H. E. DEMING,* JJ.

* Circuit judge, sitting on the Court of Appeals by assignment.

Per Curiam. Defendant was convicted by a jury of placing explosives with intent to destroy causing injury to a person, MCL 750.207; MSA 28.404, and assault with intent to murder, MCL 750.83; MSA 28.278. He was sentenced to concurrent terms of mandatory life imprisonment without parole and 15 to 30 years imprisonment, respectively. He appeals as of right.

Defendant was convicted of throwing a pipe bomb through a window of complainant's residence on May 4, 1981, at approximately 1:20 a.m. When complainant attempted to dispose of the bomb, it exploded, causing her severe injuries.

On May 5, 1981, defendant made a statement to the police in which he admitted throwing the bomb. Defendant moved to suppress the statement on several grounds and, following a *Walker*[1] hearing, the trial court found the statement admissible. The statement was admitted into evidence at the trial.

The first three issues raised on appeal involve challenges to the admission of that statement. This Court will not reverse a trial court's decision on a defendant's motion to suppress evidence of a confession unless, after examining the entire record, the Court is left with a definite and firm belief that a mistake has been committed. *People v Peete,* 113 Mich App 510, 513-514; 317 NW2d 666 (1982).

Defendant first argues that he was illegally arrested in his home without a warrant and without probable cause and that the inculpatory statement was inadmissible as the product of the illegal arrest.[2] The trial court rejected this contention,

---

[1] *People v Walker (On Rehearing),* 374 Mich 331; 132 NW2d 87 (1965).

[2] A statement may be inadmissible as a violation of the Fourth Amendment if the statement was the product of an illegal arrest.

finding that defendant was not placed under arrest until after making the inculpatory statement.

In *People v Gonzales,* 356 Mich 247, 253; 97 NW2d 16 (1959), the Court defined "arrest" quoting 4 Am Jur, Arrest, § 2, p 5:

" 'An arrest is the taking, seizing, or detaining of the person of another, either by touching or putting hands on him, or by any act which indicates an intention to take him into custody and subjects the person arrested to the actual control and will of the person making the arrest. The act relied upon as constituting an arrest must have been performed with the intent to effect an arrest and must have been so understood by the party arrested.' "

See, also, *People v Sands,* 82 Mich App 25, 33; 266 NW2d 652 (1978).

Upon a careful review of the *Walker* hearing testimony, we conclude that the trial court did not err in finding that defendant was not under arrest at the time he made the inculpatory statement. The court's decision is factually supported not only by the testimony of the police officers but also by parts of defendant's own testimony. We conclude that defendant's statement was not the product of an illegal arrest.

Defendant's contention that he was not advised in a meaningful way of his right to counsel and right against self-incrimination is without merit. Although defendant was not in custody at the time he arrived at the police station, he was read his *Miranda*[3] rights and signed a rights form prior to questioning. Defendant asserts that *Miranda* warn-

*Dunaway v New York,* 442 US 200; 99 S Ct 2248; 60 L Ed 2d 824 (1979); *Brown v Illinois,* 422 US 590; 95 S Ct 2254; 45 L Ed 2d 416 (1975).

[3] *Miranda v Arizona,* 384 US 436; 86 S Ct 1602; 16 L Ed 2d 694; 10 ALR3d 974 (1966).

ings are meaningless when given to a person who is not in custody. None of the cases cited by defendant stands for that proposition. We find that the *Miranda* warnings given to defendant were sufficient and remained effective at the time the incriminating statement was made.

Defendant next contends that he was deprived of his Sixth Amendment right to counsel because the police did not scrupulously honor his request for counsel by immediately suspending interrogation. We disagree.

Once a defendant indicates a desire to consult an attorney, interrogation must cease. An ambiguous indication of an interest in having counsel requires cessation of police interrogation. *People v Plyler,* 86 Mich App 272, 277; 272 NW2d 623 (1978). In the case at bar, however, the interrogating officer ceased questioning after the defendant indicated that he might wish to contact his uncle, who apparently was a lawyer. The officer provided defendant with a telephone so that he could make a call. Defendant declined to use the telephone, however, and thereafter, without prompting, confessed to throwing the pipe bomb. We conclude that the officers were not required to ignore defendant's uninitiated inculpatory statement, and find that defendant's *Miranda* rights were not violated. We conclude that the inculpatory statement was properly admitted into evidence.

Defendant next contends that MCL 750.207; MSA 28.404 violates the federal and state constitutional prohibitions against cruel and/or unusual punishment.[4] The statute provides for a mandatory life sentence without possibility of parole. In view

[4] US Const, Am VIII prohibits cruel and unusual punishment. Const 1963, art 1, § 16 prohibits cruel or unusual punishment. *People v McCarty,* 113 Mich App 464, 467; 317 NW2d 659 (1982).

of the serious injuries which were inflicted in this case, and the fact that the offense is one which by its very nature creates a high risk of loss of human life or the infliction of serious injury, we do not believe that the punishment exacted is disproportionate to the crime. See, *e.g., People v Hall,* 396 Mich 650, 657-658; 242 NW2d 377 (1976). Furthermore, defendant has not demonstrated that Michigan's penalty system with respect to this offense is widely divergent from other jurisdictions. Nor has he shown that the penalty provision fails to further society's goals of rehabilitation, deterrence, and preventing the individual from causing further injury to society. *People v Lorentzen,* 387 Mich 167, 178-181; 194 NW2d 827 (1972). Therefore, we do not believe that the statutory provision with respect to sentencing constitutes cruel or unusual punishment.

However, we believe that the Legislature's difference in treatment with respect to persons convicted pursuant to this statute as compared to those convicted pursuant to MCL 750.328; MSA 28.560 constitutes a denial of equal protection.

MCL 750.207; MSA 28.404 provides:

"Any person who places in, upon, under, against or near to any building, car, vessel or structure, gunpowder or any other explosive substance, with intent to destroy, throw down, or injure the whole or any part thereof, which substance upon explosion shall cause injury to any person, shall be guilty of a felony, punishable by imprisonment in the state prison for life. Such convicted person shall not be eligible to parole."

MCL 750.328; MSA 28.560 provides:

"Any person who with intent to destroy, throw down or injure the whole or any part of any building or

object, places or causes to be placed in, upon, under, against or near such building or object any gun powder or other explosive substance which upon explosion causes the death of any person, shall be guilty of a felony, punishable by imprisonment in the state prison for life or any term of years."

It is well established that decisions concerning what constitutes a particular offense are matters peculiarly within the jurisdiction and province of the Legislature. *Attorney General v Recorder's Court Judge,* 341 Mich 461, 474; 67 NW2d 708 (1954); *Gallagher v United States,* 406 F2d 102, 109 (CA 8, 1969). It is also clear that a legislative classification with respect to the treatment of criminal offenders generally does not affect fundamental interests and that the strict scrutiny standard of review does not apply in reviewing such a classification. *People v Perkins,* 107 Mich App 440, 443; 309 NW2d 634 (1981). However, a classification with respect to sentencing, as is the case with respect to any legislative classification, must bear some rational relationship to a legitimate state end. *McDonald v Bd of Election Comm'rs,* 394 US 802, 809; 89 S Ct 1404; 22 L Ed 2d 739 (1969).

In our opinion, the Legislature's decision to treat more harshly those convicted pursuant to MCL 750.207; MSA 28.404 than those convicted pursuant to MCL 750.328; MSA 28.560 lacks any rational basis. The conduct component of each of these two statutory provisions is identical. It is only the consequence of that conduct which distinguishes the two offenses. Indeed, in view of the fact that in virtually all cases where conduct such as the defendant's results in death, a personal injury will also have occurred, arguably MCL 750.207; MSA 28.404 constitutes a lesser-included offense of MCL 750.328; MSA 28.560. See *People v*

*Ora Jones,* 395 Mich 379; 236 NW2d 461 (1975); *People v Chamblis,* 395 Mich 408; 236 NW2d 473 (1975). In our view, there is no rational explanation for the Legislature's decision to require a mandatory life sentence where a defendant's conduct results in only personal injury to the victim while permitting a lesser sentence to be imposed where the same conduct results in death.

We do not mean to suggest by the foregoing that the Legislature should not be given wide latitude with respect to decision-making concerning the penalties which should be imposed for violations of criminal statutes. As noted earlier, that is an issue suited best for legislative determination. However, where the conduct which constitutes a violation of a particular penal statute is identical to that which constitutes a violation of another penal statute, the range of sentencing provided for in each should bear some relationship to the potential for harm to society which such conduct causes. See, *e.g., People v Lemble,* 103 Mich App 220, 222-223; 303 NW2d 191 (1981). We hold that, under the circumstances presented in this case, the disparate treatment mandated by the Legislature for persons convicted pursuant to these two statutory provisions lacks a rational basis.

It is well established that legislative enactments are cloaked with a presumption of constitutionality. Where a statutory provision would otherwise be unconstitutional, it is the Court's duty to give the statute a narrowing construction so as to render it constitutional if such a construction is possible without doing violence to the Legislature's intent in enacting the statute. *People v McQuillan,* 392 Mich 511, 536; 221 NW2d 569 (1974); *Nunn v George A Kantrick Co, Inc,* 113 Mich App 486, 491; 317 NW2d 331 (1982). It is clear that, in

enacting MCL 750.207; MSA 28.404, the Legislature intended to require the imposition of the most severe penalty which was constitutionally permissible for those convicted pursuant to this statute. See Const 1963, art 4, § 26. Therefore, we construe this statute to permit the same penalty to be imposed as that which may be imposed for those convicted pursuant to MCL 750.328; MSA 28.560. The case is remanded for resentencing. On remand, the court may sentence defendant to life in prison or to any term of years.

Defendant next contends that the trial court gave an inadequate instruction on the law of intoxication and intent and a misleading instruction on specific intent. The challenged instructions were substantially similar to the Criminal Jury Instructions. We have reviewed the instructions and find no error requiring reversal.

Finally, defendant argues that the trial court erred in telling the jury that the defendant's theory of the case was submitted by defendant. Defendant did not specifically object to the court's remark. Although a trial judge should not identify jury instructions as having been requested by one counsel or the other, *People v Carter,* 387 Mich 397, 412; 197 NW2d 57 (1972), we find that the court's unobjected-to statement did not deny defendant a fair trial.

Defendant's convictions are affirmed. His sentence on the offense of placing explosives with intent to destroy causing injury to a person is vacated and the case is remanded for resentencing on that offense.