STONE, Judge.
The sole issue on appeal is whether the trial court erred in denying a motion to suppress appellant’s taped confession. The defendant entered a plea to second degree murder, reserving the right to appeal. We affirm.
The facts are not in dispute. Following his arrest, the defendant was brought to a police substation where he was advised, twice, of the rights and warnings required pursuant to Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). On that same day, he was brought to the police station, where he was again advised of all his rights, which were read to him from a printed form.
The defendant orally confessed to the murder, after which a taped statement was taken. At the beginning of the taped statement he was advised of his Miranda rights for the fourth time, and again stated that he understood them. The defendant, who is Spanish speaking, was advised in both English and Spanish by a multilingual deputy. His ability to understand what was said is not the issue on appeal.
During the taped statement, according to the testimony of a translator-witness who listened to and translated the tape recording being played in open court, the following partial colloquy occurred:
[Deputy] ... You have the right to have a lawyer while we are questioning you if you want to. You can have him present while we are questioning you, if you want one. You have the right to have *311 [sic] lawyer present while we are interviewing you, if you want to.
[Further translation was here deferred until the following day]
[Deputy] ... If you don’t have money for a lawyer, the county will pay for a lawyer that can'represent you at that time in court, do you understand?
[Defendant] Okay.
[Deputy] (Indiscernible) and to have a lawyer present, you can do that, do you understand that?
[Defendant] But what about if I don’t have any money?[1]
[Deputy] But do you understand the rights I am reading to you, do you understand? Do you want to talk to us?
[Defendant] Yes.
(emphasis supplied).
The record reflects some problems by the translator in picking up everything on the tape. At no time did the appellant ask for, or indicate that he wanted, an attorney. There is no contention that the substance of the taped statement differed in any respect from the earlier oral confession, with respect to which no issue has been raised. The defendant also signed a written waiver of rights form.
Clearly, once a defendant asserts a request for counsel, even if equivocally worded, he may not be questioned further until it is established that there was a knowing waiver of his right to counsel. Edwards v. Arizona, 451 U.S. 477, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981). The defendant contends that even if the confession was otherwise voluntary, the single question he asked during the taped statement must be construed as an indication that he was requesting an attorney before going forward with the confession. Additionally, he asserts that the deputy’s follow-up inquiry as to whether he understood his rights and whether he wanted to proceed was inadequate to clarify whether he was seeking to have counsel present.
The trial court considered the totality of the testimony and circumstances, together with what was said in the above colloquy, and concluded that the defendant had been fully advised and that he understood his right to counsel, finding
[T]he defendant was fully advised as to his rights with regard to Miranda Esco-bedo with regard to his right to have an attorney that, in fact, an attorney would be provided to him if he was unable to obtain one because of lack of funds, that he did have a right to remain silent, that he did have the right to have an attorney, that anything he said could be used against him, the record is overwhelming on that.
... I find that he did understand what his rights were and he did effectively waive them.
... Now, turning to the fourth rendition of the — of his Miranda Escobedo rights, I find that there may have been a technical omission on the part of Officer Torres [sic], but based on the totality of the circumstances, including the first three waivers, the first three times he was informed of his rights, and then the method in which Officer Torres [sic] scrupulously attempted to insure that he did understand, I find that that was an adequate warning and I’m very out of patience that indicates that it is not necessary for law enforcement to parrot exact magic words. The substance of the warning given by Officer Torres to the defendant for this fourth time was sufficient.
I therefore find that based on the documentary evidence, the credibility of the witnesses, the plausibility of the testimony of all of the witnesses, the defendant made a voluntary statement ... and ... made a knowing, intelligent and voluntary waiver of his Miranda rights and, therefore, the motion for the suppression of the statements is denied.
The trial court could conclude from this record that the defendant’s query could not *312 reasonably be construed as a request for counsel, that he did understand his rights, and that he wanted to proceed at that time to repeat his confession. We recognize that the statement of law expressed in the dissenting opinion is correct. However, in our judgment the facts in this case are not comparable to those circumstances in which a defendant’s statements or questions indicate that he is requesting counsel or does not understand his right to counsel.
The judgment and sentence are affirmed.
WALDEN, J., concurs.
GLICKSTEIN, J., dissents with opinion.

. The translation on the second day differed to some extent from the translation the previous afternoon, which was suspended because the translator was tired. We accept the translation as corrected on the second day of testimony.