564 So.2d 1071 (1990)
Antonio MARTINEZ, Petitioner,
v.
STATE of Florida, Respondent.
No. 74497.
Supreme Court of Florida.
July 5, 1990.
Richard L. Jorandby, Public Defender and Jeffrey L. Anderson, Asst. Public Defender, West Palm Beach, for petitioner.
Robert A. Butterworth, Atty. Gen., and Sylvia H. Alonso, Asst. Atty. Gen., West Palm Beach, for respondent.
OVERTON, Justice.
We have for review Martinez v. State, 544 So.2d 310 (Fla. 4th DCA 1989), in which the Fourth District Court of Appeal affirmed the trial court's denial of Martinez's motion to suppress his taped statement and concluded that Martinez's responses concerning his right to counsel were not equivocal. We find that the district court's decision conflicts with our decision in Long v. State, 517 So.2d 664 (Fla. 1987), cert. denied, 486 U.S. 1017, 108 S.Ct. 1754, 100 L.Ed.2d 216 (1988), and the First District Court of Appeal's decision in Fields v. State, 402 So.2d 46 (Fla. 1st DCA 1981). We have jurisdiction.[1] We find that Martinez's responses concerning his right to counsel were equivocal and we quash the district court's decision.
The relevant facts reflect that on February 15, 1987, Antonio Martinez was arrested for the killing of Jimenez Miguel and was taken to the sheriff's substation in Indiantown. At that location, a deputy *1072 sheriff twice read the required Miranda[2] rights to Martinez. He was then transported to the sheriff's office in Stuart, where he was given his Miranda rights for a third time. There, he signed a waiver-of-rights form and then orally admitted that he had stabbed the victim. Following this admission, the officers desired to obtain from him a taped statement. In this regard, he was given his Miranda rights for a fourth time. During this recitation, the investigating officer advised Martinez, "If you don't have money for a lawyer, the county will pay for a lawyer that can represent you at that time in court, do you understand?" Martinez responded, "Okay." The investigating officer then advised Martinez that he had a right to have an attorney present at this questioning, to which Martinez answered, "But what if I don't have any money?" In response to Martinez's inquiry, the deputy stated, "But do you understand the rights I am reading to you, do you understand? Do you want to talk to us?" Martinez answered this question in the affirmative and then gave a taped statement in which he again admitted his involvement in the charged offense.
Subsequently, a grand jury indicted Martinez for first-degree murder. Martinez entered a plea of not guilty and filed a motion to suppress "any written or oral statements made by Defendant to law enforcement or other agents of the State of Florida." (Emphasis added.) The trial judge denied the motion, stating:
"[T]he defendant was fully advised as to his rights with regard to Miranda Escobedo with regard to his right to have an attorney that, in fact, an attorney would be provided to him if he was unable to obtain one because of lack of funds, that he did have a right to remain silent, that he did have the right to have an attorney, that anything he said could be used against him, the record is overwhelming on that.
... I find that he did understand what his rights were and he did effectively waive them.
... Now, turning to the fourth rendition of the  of his Miranda Escobedo rights, I find that there may have been a technical omission on the part of [the officer], but based on the totality of the circumstances, including the first three waivers, the first three times he was informed of his rights, and then the method in which [the officer] scrupulously attempted to insure that he did understand, I find that that was an adequate warning and I'm very out of patience that indicates that it is not necessary for law enforcement to parrot exact magic words. The substance of the warning given by [the officer] to the defendant for this fourth time was sufficient.
I therefore find that based on the documentary evidence, the credibility of the witnesses, the plausibility of the testimony of all of the witnesses, the defendant made a voluntary statement .. . and ... made a knowing, intelligent and voluntary waiver of his Miranda rights and, therefore, the motion for the suppression of the statements is denied."
Martinez, 544 So.2d at 311. The trial judge's written order stated: "[T]he Motion to Suppress Statements is denied." Following the entry of this order, Martinez changed his plea to nolo contendere to the lesser included offense of second-degree murder, expressly reserving the right to appeal the denial of his motion to suppress. The state agreed that the dispositive issue in the case was whether the statements should be suppressed.
On appeal, the Fourth District, in a split decision, affirmed the trial court, finding that it "could conclude from this record that the defendant's query could not reasonably be construed as a request for counsel, that he did understand his rights, and that he wanted to proceed at that time to repeat his confession." Id. at 311-12. In so holding, the court also noted: "There is no contention that the substance of the taped statement differed in any respect from the earlier oral confession, with respect to which no issue has been raised." Id. at 311. The dissent expressed the view *1073 that the First District Court of Appeal's decision in Fields v. State, 402 So.2d 46 (Fla. 1st DCA 1981), should have been followed since it involved similar circumstances, and concluded that "[Martinez's] statement could be deemed to show that he did not comprehend his right to counsel even though he had been advised at least three times that he would be appointed counsel if he could not afford the cost of legal representation." 544 So.2d at 312 (Glickstein, J., dissenting).
In this proceeding, Martinez argues that the trial court erred in denying his motion to suppress the taped statement. He contends (1) that the officer failed to give him a complete Miranda warning prior to the taped statement and (2) that Martinez's question concerning whether he had a right to an attorney if he could not afford one indicated that he did not fully comprehend his rights. He asserts that the only permissible questioning after his response should have been to clarify his equivocal request concerning counsel.
In Long v. State, 517 So.2d 664 (Fla. 1987), cert. denied, 486 U.S. 1017, 108 S.Ct. 1754, 100 L.Ed.2d 216 (1988), we reviewed the law concerning an equivocal response by a defendant to his Miranda warning, stating:
In Miranda v. Arizona, the United States Supreme Court stated that if an accused person "indicates in any manner and at any stage of the process that he wishes to consult with an attorney before speaking there can be no questioning." 384 U.S. at 444-45, 86 S.Ct. at 1612. This safeguard was designed "to assure that the individual's right to choose between silence and speech remains unfettered throughout the interrogation process." Id. at 469, 86 S.Ct. at 1625. Subsequently, the United States Supreme Court, in its decision in Edwards v. Arizona, [451 U.S. 477, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981)] made clear that, once an accused invokes his right to counsel, all questioning must cease and the accused is not subject to further interrogation until counsel has been provided. The Court in Edwards held that "when an accused has invoked his right to have counsel present during custodial interrogation, a valid waiver of that right cannot be established by showing only that he responded to further police-initiated custodial interrogation even if he has been advised of his rights." 451 U.S. at 484, 101 S.Ct. at 1884-85 (footnote omitted).
The question in this case is whether Long clearly asserted his right to counsel by his statement, "I think I might need an attorney." Some courts have held that this type of statement requires questioning to cease immediately. People v. Plyler, 86 Mich. App. 272, 277, 272 N.W.2d 623, 626 (1978) ("An ambiguous indication of an interest in having counsel requires cessation of police interrogation."). Compare People v. Cerezo, 635 P.2d 197, 198 (Colo. 1981) ("I think I better have a lawyer."); People v. Traubert, 199 Colo. 322, 325, 608 P.2d 342, 344 (1980) ("I think I need to see an attorney."); Singleton v. State, 344 So.2d 911, 912 (Fla. 3d DCA 1977) ("Maybe I better ask my mother if I should get [an attorney]."); State v. Blakney, 185 Mont. 470, 477, 605 P.2d 1093, 1097 (1979) ("[M]aybe I should have an attorney."); Wentela v. State, 95 Wis.2d 283, 287, 290 N.W.2d 312, 316 (1980) ("I think I need an attorney," or "I think I should see an attorney."). Since Edwards, however, we have not accepted this view and have characterized similar statements as equivocal which permit an investigating official to continue questioning for the sole purpose of clarifying the equivocal request. In so holding, we made clear that, until clarified, this is the limit of the permitted inquiry. Valle v. State, 474 So.2d 796 (Fla. 1985), vacated on other grounds, 476 U.S. 1102, 106 S.Ct. 1943, 90 L.Ed.2d 353 (1986); Waterhouse v. State, 429 So.2d 301 (Fla. 1983); Cannady v. State, 427 So.2d 723 (Fla. 1983). In Cannady, we expressly stated:
When a person expresses both a desire for counsel and a desire to continue the interview without counsel, further inquiry is limited to clarifying the suspect's wishes. Thompson v. Wainwright, *1074 601 F.2d 768 (5th Cir.1979); Nash v. Estelle, 597 F.2d 513 (5th Cir.), cert. denied, 444 U.S. 981, 100 S.Ct. 485, 62 L.Ed.2d 409 (1979).
Id. at 728-29 (emphasis supplied).
Long, 517 So.2d at 666-67. See also Thompson v. State, 548 So.2d 198 (Fla. 1989); Kyser v. State, 533 So.2d 285 (Fla. 1988).
Contrary to the state's position, we find that Martinez's response displayed his uncertainty as to whether he was entitled to counsel during the interrogation. Given this finding, further inquiry was limited to clarifying Martinez's wishes. Long; Cannady. Consistent with the above decisions, we find that Martinez's taped statement must be suppressed.
The state also argues that this Court should reject Martinez's petition for review because the issue sought to be reviewed was not dispositive since no issue concerning the prior oral statement was presented. While the district court's opinion addressed only the taped statement, the trial court's order denying the motion to suppress encompassed both the oral and taped statements. Consequently, the district court had jurisdiction, as does this Court.
Accordingly, we quash the district court of appeal's decision in the instant case and direct that, upon remand, the trial court suppress Martinez's taped confession and afford him an opportunity to withdraw his plea.
It is so ordered.
SHAW, C.J., and McDONALD, EHRLICH, BARKETT, GRIMES and KOGAN, JJ., concur.
NOTES
[1] Art. V, § 3(b)(3), Fla. Const.
[2] Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).